846 F.2d 1190
 Fed. Sec. L. Rep. P 93,762, 11 Fed.R.Serv.3d 226,
RICO Bus.Disp.Guide 6943
 Phillip EMRICH; Eric Gillberg, Plaintiffs-Appellants,
v.
TOUCHE ROSS & COMPANY; Sam Battistone Sr.; Sam D.
Battistone Jr.; F. Newell Bohnett; Robert Hild; Owen
Johnston; William L. Wagner Sr.; George McKaig; Dan V.
Angeloff; George A. Cavelletto; Bruce N. Anticouni,
Defendants-Appellees.
 No. 86-6347.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 4, 1987.
Decided May 16, 1988.
 
 Richard M. Mosk and Scott L. Zimmerman, Sanders, Barnet, Jacobson, Goldman & Mosk, Los Angeles, Cal., for plaintiffs-appellants.
 Gary R. Ricks and Dana M. Sabraw, Price, Postel & Parma, Santa Barbara, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before TANG, WIGGINS and KOZINSKI, Circuit Judges.
 TANG, Circuit Judge:
 
 
 1
 Phillip Emrich and Eric Gillberg (plaintiffs) appeal the district court's grant of Touche Ross & Co., et al.'s (defendants) motion to dismiss the action with prejudice in plaintiffs' suit alleging violations of federal and state securities laws, California common law, and the Racketeer Influenced and Corrupt Organizations Act (RICO). Emrich and Gillberg challenge the district court's subject matter jurisdiction over the removed action and its ruling on the motion to dismiss under Fed.R.Civ.P. 12(b)(6), that all causes of action in the complaint were time barred. We affirm in part, reverse in part and remand for further proceedings.
 
 BACKGROUND
 
 2
 This action arises out of the sale and purchase in 1977 and 1978 of securities in two joint ventures organized by Sambo's Restaurant, Inc. ("Sambo's") to finance the expansion of its restaurant operations. Appellants Phillip Emrich and Eric Gillberg, plaintiffs below, brought this action individually and on behalf of a class consisting of all purchasers of the securities, except for former management of Sambo's who also purchased the securities. The individually named defendants were officers and/or directors of Sambo's at the time the securities were sold. Defendant Touche Ross & Co., a partnership of certified public accountants, performed audit work in connection with the preparation of the prospectuses and certified the financial portions thereof.[1]
 
 
 3
 Plaintiffs filed this action on May 1, 1986 in the Santa Barbara Superior Court. The complaint states four counts:
 
 
 4
 Count One: violations of the Securities Act of 1933 and California Corporation Code Sec. 25401 et seq.;
 
 
 5
 Count Two: violations of the Securities Exchange Act of 1934 (Section 27 and Rule 10(b)(5));
 
 
 6
 Count Three: fraud claim under California common law and California Civil Code Secs. 1572, 1709 and 1710; and
 
 
 7
 Count Four: violations of the Racketeer Influenced Corrupt Organizations Act of 1970 ("RICO") (Sections 1962 and 1964), 18 U.S.C. Secs. 1962, 1964.
 
 
 8
 On June 6, 1986, seven of the eleven named defendants filed a petition for removal to the United States District Court, Central District of California. The petition stated the district court had original jurisdiction under the provisions of 28 U.S.C. Sec. 1331 (1982) (federal question) and that the action could be removed pursuant to 28 U.S.C. Sec. 1441(a) and (c) (1982) "because it is a civil action wherein Count IV, the RICO claim, is a separate and independent claim from Count I, the non-removable 1933 Act claim."
 
 
 9
 Upon removal, the same defendants filed a motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(1) and 12(b)(6) on the grounds that each count was barred by the applicable statutes of limitation and one count had been improperly filed in state court. Plaintiffs opposed the motion to dismiss and, in a supplemental memorandum, requested remand to state court.
 
 
 10
 On July 21, 1986 the district court granted defendant's motion to dismiss the complaint on the grounds that Counts One through Four were time barred and, that the court lacked subject matter jurisdiction over Count Two. The district court's judgment, entered August 5, 1986, ordered the dismissal of the complaint, without leave to amend, and thus, dismissal of the action with prejudice. Emrich and Gillberg filed a timely notice of appeal. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 Related Lawsuits
 
 11
 The securities transactions that are the subject of the instant suit (hereinafter "Emrich III "), have also been the subject of three other class actions previously adjudicated or pending in the district court. The three cases generally involve the same plaintiffs, the same issues and arise from the same transactions, but involve different sets of defendants. These actions are as follows:
 
 
 12
 (1) Muller, et al. v. Sambo's Restaurants, Inc., et al., No. CV 80-3757-R, hereinafter "Muller", filed August 25, 1980. This case was settled in the district court.
 
 
 13
 (2) Emrich and Gillberg v. Touche Ross & Co., No. CV 81-4104-R, and Nos. 86-5577, 81-5940 on appeal, hereinafter "Emrich I". Filed August 12, 1981; district court's final judgment dismissing the action without prejudice, reversed by a Ninth Circuit panel on June 15, 1987 on the grounds that "plaintiff's were clearly entitled to file the amended complaint." The case is currently proceeding in the district court.
 
 
 14
 (3) Emrich, et al. v. Battistone, et al., No. CV 81-4547-R, No. 82-5356 on appeal, hereinafter "Emrich II", filed September 2, 1981. The current status of this case is disputed.
 
 ANALYSIS
 I. Removal Jurisdiction
 
 15
 A threshold issue is whether or not the district court acquired subject matter jurisdiction on removal from the Santa Barbara Superior Court. Defendants petitioned for removal on the grounds that the action fell within the original jurisdiction of the district court under 28 U.S.C. Sec. 1331 (case which "arises under the Constitution, laws, or treaties of the United States") and within the removal jurisdiction of the court under 28 U.S.C. Sec. 1441(a) and (c). Diversity between the parties was not alleged.
 
 
 16
 Subject matter jurisdiction of the district court turns first on the question of RICO jurisdiction.[2] RICO is pivotal insofar as none of the remaining claims is independently removable because of obstacles presented by the derivative jurisdiction doctrine, statutory bars, or the plain absence of a federal claim. Following the submission of this case, we resolved the difficult question of whether federal courts have concurrent or exclusive jurisdiction over RICO claims by ruling that such jurisdiction is concurrent. Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir.1987).
 
 
 17
 This ruling, however, does not end our inquiry regarding the propriety of removal. We must still consider whether removal of the non-federal claims was appropriate under 28 U.S.C. Sec. 1441(a) under a pendent jurisdiction theory or, whether removal of the entire action was correct under section 1441(c) on the basis that the RICO claim was "separate and independent" from the other nonremovable claims. In effect, we must consider whether the relationship of the federal RICO claim to the remaining non-federal claims is sufficiently close so as to be within the pendent jurisdiction of the district court or whether the claims presented are so tenuously connected that federal jurisdiction is more properly asserted via the "separate and independent" clause of section 1441(c). These competing provisions of the removal statute are not always easily reconciled. Nonetheless, to that task we now turn.
 
 A. Standard of Review
 
 18
 Removal of a case from state to federal court is a question of federal subject matter jurisdiction which is reviewed de novo. Williams v. Caterpillar Tractor Co., 786 F.2d 928, 930 (9th Cir.1986) (citing Bright v. Bechtel Petroleum, Inc., 780 F.2d 766, 768 (9th Cir.1986)). The issue presented is whether the case was properly removed to the federal court in the first instance under 28 U.S.C. Sec. 1441. Salveson, 731 F.2d at 1426.
 
 
 19
 The burden of establishing federal jurisdiction is upon the party seeking removal, Wilson, 257 U.S. at 97, 42 S.Ct. at 37, and the removal statute is strictly construed against removal jurisdiction. Salveson, 731 F.2d at 1426; Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir.1979).
 
 B. Section 1441(a)
 
 20
 Under section 1441(a), cases joining federal and state claims can be removed so long as the joined claims would be within the district court's original jurisdiction.[3] 28 U.S.C. Sec. 1441(a) (1982). The basis for the district court's jurisdiction over nonfederal claims stems from the doctrine of pendent jurisdiction. The doctrine of pendent jurisdiction, in turn, permits the district court to adjudicate factually related state claims in cases raising federal questions, whenever the federal law claims and state law claims "derive from a common nucleus of operative fact." United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); Hurn v. Oursler, 289 U.S. 238, 243-247, 53 S.Ct. 586, 588-590, 77 L.Ed. 1148 (1933); see also, Carnegie-Mellon Univ. v. Cohill, --- U.S. ----, 108 S.Ct. 614, 618, 98 L.Ed.2d 720 (1988) (discussing the "modern doctrine" of pendent jurisdiction).
 
 
 21
 If the district court exercised original jurisdiction over the RICO claim because it "arises under" federal law, then it would have also properly exercised its discretion to adjudicate sufficiently related state law claims pursuant to its pendent jurisdiction. In Contemporary Servs. Corp. v. Universal City Studios, Inc., 655 F.Supp. 885, 889 (C.D.Cal.1987), one district court squarely approved the removal of a procedurally similar case stating a federal claim under RICO and pendent state claims pursuant to sections 1441(a) and (b) of the removal statute, in contrast to section 1441(c). Similar decisions, involving federal but not RICO claims, have been rendered by the Seventh and Tenth Circuits. Thomas v. Shelton, 740 F.2d 478, 483 (7th Cir.1984); Sheet Metal Workers Int'l Ass'n v. Seay, 696 F.2d 780, 782 (10th Cir.1983). The Lou decision itself also suggested the propriety of removal under section 1441(a) when it noted that in alleging a private civil RICO cause of action under 18 U.S.C. Sec. 1964(c), the plaintiff had "clearly asserted a claim within the original jurisdiction of a United States district court." Lou, 834 F.2d at 734. We find this line of reasoning persuasive.
 
 
 22
 Emrich and Gillberg raise several objections to removal under section 1441(a). Their principal grievance points to "an inherent conflict of reasoning between finding RICO jurisdiction concurrent and devising a method by which the RICO claim may be removed, with or without the related state claims, to federal court." Appellants' Opening Brief (AOB) at 25. In a related vein, it is argued that to permit removal under section 1441(a) would allow the removal of any action stating a RICO claim together with other state claims irrespective of whether the state claims were transactionally related (under section 1441(a) and (b)) or transactionally distinct (under section 1441(c)). AOB at 26. Finally, Emrich and Gillberg contend the suggested construction would expand the federal case load at the expense of state fora, thus threatening the balance of federal-state relations. AOB at 27-28.
 
 
 23
 Plaintiffs' objections to removal under section 1441(a) are unavailing. The original complaint, filed in state court, plainly asserted a federal claim under RICO. 18 U.S.C. Secs. 1962, 1964 (1982). It is clear that although a RICO action may now, in light of Lou, be filed either in federal or state court, the claim itself both arises under and is governed by a comprehensive federal enforcement scheme, even though the predicate offenses underlying the RICO violation may encompass violations of both state and federal criminal law. 18 U.S.C. Sec. 1962 et. seq.; see also, Cianci v. Superior Court, 40 Cal.3d 903, 916, 710 P.2d 375, 221 Cal.Rptr. 575, 581 (1985) (noting that underlying offenses may include both state and federal violations). Because the RICO claim is one "arising under the laws of the United States" it falls within the district court's original jurisdiction and is thus removable pursuant to section 1441(a). 28 U.S.C. Secs. 1331, 1441 (1982).
 
 
 24
 The recognition of concurrent RICO jurisdiction in state courts and the consequent potential for removal of such actions to federal court, is hardly the novelty plaintiffs' arguments suggest. Numerous federal statutes, for example, provide that claims arising thereunder may be maintained in any state or federal court of competent jurisdiction, and contain no limitation on removal, express or otherwise, to bar removal as required under section 1441(a). See, e.g., Truth in Lending Act, 15 U.S.C. Sec. 1640(e) (1982); Fair Labor Standards Act, 29 U.S.C. Sec. 216(b) (1982). By contrast, a number of other federal statutes, one of them at issue in this case, expressly prohibit removal to federal court following proper filing in a state forum. See, e.g., Federal Employers' Liability Act, 45 U.S.C. Sec. 51 et seq. (1982); 28 U.S.C. Sec. 1445(a) (1982); workers' compensation claims arising under state laws, 28 U.S.C. Sec. 1445(c) (1982); Jones Act claims, 46 U.S.C.App. Sec. 688, 28 U.S.C. Sec. 1333(1) (1982); and the Securities Act of 1933, 15 U.S.C. Sec. 77v(a) (1982). Yet other statutes, such as the Age Discrimination in Employment Act, provide for concurrent jurisdiction in state and federal courts, but set out a deference provision which limits the federal action upon commencement of the state proceeding or allow the federal action to supercede where commenced first. See 29 U.S.C. Sec. 633 (1982).
 
 
 25
 We conclude that in cases involving removal of RICO claims, "express" should mean express. Since Congress has specifically prohibited removal in certain areas of concurrent jurisdiction, its omission or failure to do so in others indicates that federal removal jurisdiction is retained. See McConnell v. Marine Eng'rs Beneficial Ass'n, 526 F.Supp. 770, 772 (N.D.Cal.1981).
 
 
 26
 Plaintiff is also undeniably the master of his case. Should he desire to keep the case in state court, he could base the claim squarely on state law rather than assert a parallel federal right. In this regard, several states, including California, have now enacted "mini-RICO" statutes which could form the basis of such a complaint.
 
 
 27
 Appellants' final argument, that allowing removal of RICO claims under section 1441(a) would expand the federal case load at the expense of state fora, thus threatening federal-state relations, also lacks merit. In cases removed on the basis of RICO claims, whether under section 1441(a) or section 1441(c), the district court may always exercise its discretion to retain the entire case or remand portions based upon the factors set forth in Gibbs, 383 U.S. at 725, 86 S.Ct. at 1138, and recently affirmed in Carnegie-Mellon, 108 S.Ct. at 618. The court in Contemporary Services chose this course of action precisely, retaining jurisdiction over the RICO claim and remanding the ten remaining state law claims. See Contemporary Servs., 655 F.Supp. at 893-95.
 
 
 28
 Where removal is properly effected under section 1441(a), the district court may also elect to exercise pendent jurisdiction over state law claims. Applied to the case at hand, pendent jurisdiction was properly exercised over the violations of the California Corporations Code alleged in Count I and the common law and statutory fraud claims stated in Count III. Cal.Corp.Code Sec. 25401, et. seq. (West 1977); Cal.Civ.Code Sec. 1572 (West 1982) and Secs. 1709, 1710 (West 1985).
 
 
 29
 Following removal, the district court had no jurisdiction, however, to entertain the claims asserted under the Securities Exchange Act of 1934 because of the doctrine of derivative jurisdiction. This doctrine, though recently repealed, see 28 U.S.C.A. Sec. 1441(e) (West Supp.1987), still applies to claims commenced in state courts before June 19, 1986. See Beeman v. Olson, 28 F.2d 620, 621 (9th Cir.1987) (applying derivative jurisdiction rule to case commenced prior to enactment of amendment). The derivative jurisdiction doctrine provided that if the state court lacked subject matter jurisdiction, the federal court to which it was removed could "derive" none. Lambert Run Coal Co. v. Baltimore and Ohio R.R. Co., 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922); Dyer, 766 F.2d at 399. Because the claims asserted under the Securities Exchange Act of 1934 are subject to exclusive federal jurisdiction pursuant to 15 U.S.C. Sec. 78aa, the state court lacked jurisdiction and thus, the district court properly dismissed this portion of the complaint.
 
 
 30
 Finally, that portion of Count I based on the Securities Act of 1933 was not removable under section 1441(a) because, as noted above, although Congress has provided for concurrent jurisdiction in cases arising under the 1933 Act, it has also expressly provided that a case once filed in state court may not be removed. Securities Act of 1933, Sec. 22(a), 15 U.S.C. Sec. 77v(a) (1982). Thus, unless an alternate basis for removal exists under section 1441(c), the district court lacked jurisdiction over this portion of the complaint and should have remanded it to state court.
 
 C. Section 1441(c)
 
 31
 Under section 1441(c), an entire case "may" be removed and the district court "may" determine all issues therein, "[w]henever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action." 28 U.S.C. Sec. 1441(c) (1982). Thus, if the federal RICO claim herein is found to be "separate and independent" from the non-removable 1933 Act claim, then removal may have been appropriate under section 1441(c). Such a construction, however, cannot be maintained.
 
 
 32
 In American Fire and Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the Supreme Court made clear that "separate and independent" means separate wrongs. "[W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under Sec. 1441(c)." Id. at 14, 71 S.Ct. at 540 (footnote omitted). Under the single wrong test of Finn, plaintiffs' RICO claim cannot be characterized as sufficiently distinct from the 1933 Act claim because each arises from the same set of acts and the same group of wrongs: the allegedly fraudulent sale of the Sambo securities. See Morris, Inc. v. Vitek, 412 F.2d 1174, 1176 (9th Cir.1969); Kinsey v. Nestor Exploration Ltd., 604 F.Supp. 1365, 1371 (E.D.Wash.1985) (holding RICO jurisdiction exclusive, but noting in dicta that "even if [RICO claim] were properly removable, such claim would not satisfy the 'separate and independent' requirements of 28 U.S.C. Sec. 1441(c)"). Cf., Abing v. Paine, Webber, Jackson and Curtis, 538 F.Supp. 1193, 1197 (D.Minn.1982) (non-removable 1933 Act claim not separate and independent from claims predicated on Investment Advisors Act of 1940); Gonsalves v. Amoco Shipping Co., 733 F.2d 1020, 1026 (2d Cir.1984) (seaman's maintenance and cure claim not separate and independent from non-removable Jones Act claim).
 
 
 33
 In sum, we conclude the district court had original jurisdiction over the RICO claim stated in Count IV of the complaint and pendent jurisdiction over the state law claims stated in Count III and portions of Count I. These claims were properly removed under section 1441(a). The district court lacked jurisdiction over the claims arising under the Securities Exchange Act of 1934 because of the exclusive nature of jurisdiction over the 1934 Act and the application, in this case, of the derivative jurisdiction bar. The district court erred, however, in concluding it had jurisdiction over the claims arising under the Securities Act of 1933. These claims were not removable either under section 1441(a), because of the express statutory prohibition on removal from state court, or under section 1441(c), because the RICO claim was not separate and independent from the claim predicated on the 1933 Act. Accordingly, the district court lacked jurisdiction over the 1933 Act claim in the first instance and should have remanded this portion of the action to state court. 28 U.S.C. Sec. 1447(c) (1982).
 
 II. Motion to Dismiss
 
 34
 Since we find the lower court was properly vested with subject matter jurisdiction over portions of the action, we reach the question of whether the district court correctly ruled on the substance of defendants' motion to dismiss the complaint because all causes of action were allegedly time barred.
 
 A. Standard of Review
 
 35
 A dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is a ruling on a question of law and as such, is reviewed de novo. Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986); Fort Vancouver Plywood Co. v. United States, 747 F.2d 547, 552 (9th Cir.1984). The district court's interpretation of the law of the state in which it sits is also reviewed de novo. In re McLinn, 739 F.2d 1395, 1397 (9th Cir.1984) (en banc).
 
 
 36
 We decline to treat the Rule 12(b)(6) motion as one for summary judgment under Fed.R.Civ.P. 56. Although defendants' counsel filed a supporting declaration with the motion to dismiss, the declaration only requested judicial notice of certain matters of public record, namely, the proceedings and determinations of the district and appellate courts in Muller and Emrich II. The plaintiffs themselves referenced Emrich I and Emrich II on the face of their complaint. We agree that "when passing on a motion attacking the legal efficacy of the plaintiff's statement of his claim, the court may properly look beyond the complaint only to items in the record of the case or to matters of general public record." Phillips v. Bureau of Prisons, 591 F.2d 966, 969 (D.C.Cir.1979) (footnote omitted); 5 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1357 at 593 (1969); see also, North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 580-82 (9th Cir.1983) (motion to dismiss not automatically converted into motion for summary judgment whenever matters outside the pleading filed with court and not expressly rejected).
 
 
 37
 It does not appear from the order or from the transcript of the hearing on the motion held July 21, 1986 that the district court considered any evidence or record other than the complaint itself. Nor did the defendants purport to make their motion in the alternative under Rules 12(b)(6) or 56, see, e.g., Retail Clerks Union Local 648 v. Hub Pharmacy, Inc., 707 F.2d 1030, 1032 (9th Cir.1983); Ware v. Associates Milk Producers, Inc., 614 F.2d 413, 414 (5th Cir.1980). Accordingly, our inquiry is limited to the content of the complaint and matters of public record with respect to Muller, Emrich I and Emrich II.
 
 
 38
 Treated as a Rule 12(b)(6) motion, the complaint should not have been dismissed unless it appeared "beyond doubt" that plaintiffs could prove no set of facts in support of their claim which would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); Compton v. Ide, 732 F.2d 1429, 1432 (9th Cir.1984). In reviewing the sufficiency of the complaint, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Under this limited standard of review, we conclude the district court erred in dismissing the complaint.
 
 
 39
 B. Equitable Tolling and the Statutes of Limitation
 
 
 40
 The district court ruled that each count of the complaint was time-barred by applicable statutes of limitation. In light of our conclusion above, that the district court lacked subject matter jurisdiction over those portions of the complaint arising under the Securities Act of 1933 and the Securities Exchange Act of 1934, our discussion of the limitations issue is necessarily limited to the RICO and state law claims. The issue before us is whether it was possible to determine the limitations issue on those claims from the face of the complaint or from the public records in the case.
 
 
 41
 The instant suit, Emrich III, was filed in state court on May 1, 1986. The plaintiffs' complaint states that they "did not know" and "did not learn" of defendants' alleged misconduct "until a time within one year of the date of the filing" of Emrich I (August 12, 1981) and Emrich II (September 2, 1981). As set out below, neither the state law claims nor the RICO claim carries a statute of limitation longer than four years. Thus, unless the earlier action(s) equitably tolled the relevant statutes, the present suit is plainly time barred.
 
 
 42
 Where a district court applies or borrows a state statute of limitations, it is also required to apply the state's equitable exceptions, to the extent these are consistent with federal law. Board of Regents v. Tomanio, 446 U.S. 478, 485-86, 100 S.Ct. 1790, 1795-96, 64 L.Ed.2d 440 (1980); Hub Pharmacy, 707 F.2d at 1033; see also, Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Two of the counts in plaintiff's complaint are governed by California statutes of limitation: those portions of Count I alleged under the California Corporations Code (four years), Cal.Corp.Code Secs. 25401, 25506 (West 1977) and the claim for common law fraud in Count III (three years), Cal.C.C.P. Sec. 338(4); Cal.Civ.Code Secs. 1572, 1709, 1710 (West 1982). The statute of limitations on the RICO claim is governed by federal law (four years). Agency Holding Corp. v. Malley-Duff & Assoc., --- U.S. ----, 107 S.Ct. 2759, 2767, 97 L.Ed.2d 121 (1987). The district court was required to consider and apply the California equitable tolling doctrine insofar as the complaint alleged the pendency of two earlier actions, Emrich I and Emrich II and two of the remaining claims at issue involved California statutes of limitation.[4]
 
 
 43
 As to the RICO claim, because Agency Holding expressly derives the applicable limitations period from federal law, federal equitable tolling doctrines apply. See Railway Express, 421 U.S. at 466, 95 S.Ct. at 1723. We have stated the determinative factor in a cause of action governed by a federal limitations period "is whether tolling is not inconsistent with the legislative purpose." Whittaker v. Whittaker Corp., 639 F.2d 516, 527 (9th Cir.1981), cert. denied, 454 U.S. 1031, 102 S.Ct. 566, 70 L.Ed.2d 473 (1981). See also, Nichols v. Hughes, 721 F.2d 657, 660 (9th Cir.1983) (tolling due to administrative proceedings); Mt. Hood Stages, Inc. v. Greyhound Corp., 616 F.2d 394, 396 (9th Cir.), cert. denied, 449 U.S. 831, 101 S.Ct. 99, 66 L.Ed.2d 36 (1980) (discussing "governing principle[s]" in tolling inquiry involving antitrust statute).
 
 
 44
 To decide these equitable tolling issues in the first instance, however, the district court would have had to resolve certain disputed factual matters. Accordingly, we find it appropriate to remand this case to the district court for the following determinations: (1) whether the equitable tolling claim was properly raised below; (2) whether the statute of limitations on the state claims was equitably tolled under California tolling doctrines; and (3) whether the statute of limitations on the RICO claim was tolled under federal tolling doctrines. Cf. Mt. Hood Stages, Inc. v. Greyhound Corp., 583 F.2d 469 (9th Cir.1978).
 
 
 45
 Finally, we note the district court's ruling that all causes of action were time-barred from the face of the complaint could only follow from a legal determination that Emrich I and Emrich II were not pending when the complaint in Emrich III was filed on May 1 1986. If there was no related action pending, then of course, there could be no tolling of the statute of limitations. However, the difficulty with this view is that Emrich I was on appeal to the Ninth Circuit at the time of filing, and a final order or judgment in Emrich II was never entered following the June 1983 remand from the Ninth Circuit, a disposition which explicitly found the prior order of dismissal of the action without prejudice to be a non-final order. See Emrich and Gillberg v. Touche Ross & Co., Emrich v. Battistone, 714 F.2d 152 (9th Cir.1983) (unpublished memorandum disposition). Thus, if the district court assumed the non-pendency of Emrich I and Emrich II at the time of the filing of the instant action, this was error.[5]
 
 
 46
 In sum, we conclude the dismissal of the complaint was improper as a matter of law because the face of the complaint invoked state and federal equitable tolling doctrines as it alleged the pendency of two prior actions, whose pendency was clear as a matter of public record. On remand, the district court will consider the applicability of the relevant equitable tolling doctrines and the pendency of Emrich II.
 
 CONCLUSION
 
 47
 The judgment of the district court dismissing the claims arising under Securities Exchange Act of 1934 is affirmed. The district court's exercise of jurisdiction over the claim arising under the Securities Act of 1933 was error and we reverse with orders to remand to state court. As to the remaining state law claims and the RICO count, we reverse the dismissal and remand for proceedings not inconsistent with this opinion.
 
 
 48
 AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
 
 
 
 [1]
 The parties dispute who exactly is a defendant in this suit within the meaning of the federal removal statute. Certain of the individually named defendants and Touche Ross & Co. contend they are not defendants because they were never served and did not join in the petition for removal. Emrich and Gillberg reply that a petition for removal necessarily binds all defendants and thus, makes all the defendants named in the complaint parties to this appeal. Both parties are partially correct
 Ordinarily, under 28 U.S.C. Sec. 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties. Hewitt v. City of Stanton, 798 F.2d 1230, 1233 (9th Cir.1986); Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A Local 349, 427 F.2d 325, 326-27 (5th Cir.1970); see also, Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921). This general rule applies, however, only to defendants properly joined and served in the action. See Salveson v. Western States Bankcard Ass'n., 731 F.2d 1423, 1429 (9th Cir.1984) (noting "a party not served need not be joined" in a petition for removal).
 On appeal, the record is unclear as to whether none or merely some of the defendants were served or otherwise subject to the jurisdiction of the state court. On remand, therefore, the district court is requested to determine what defendants were properly served and to permit amendment of the removal petition to name all proper defendants. The failure to join all proper defendants in a removal petition may otherwise render the removal petition procedurally defective. See, e.g., Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir.1981) (removal petition procedurally defective for failure to join one codefendant).
 
 
 [2]
 Defendants' opening argument that Emrich and Gillberg "waived" their right to contest removal on appeal because of their failure to file a formal and timely motion to remand, is without merit. It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court. Dyer v. Greif Bros., Inc., 766 F.2d 398, 401 (9th Cir.1985); Fed.R.Civ.P. 12(h)(3). Further, defendants' contention that Emrich and Gillberg "failed to object" is not supported by the record; plaintiffs clearly raised the question of the jurisdiction of the court both in their supplemental memorandum and during the hearing on the motion to dismiss. Thus, even if such objection were required, Emrich and Gillberg's protests below, alleging jurisdictional, not procedural defects in the removal process, served to highlight and preserve the issue on appeal
 
 
 [3]
 Section 1441(a) provides:
 Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States ...
 28 U.S.C. Sec. 1441(a) (1982).
 
 
 [4]
 California equitably tolls a statute of limitations during the pendency of an earlier action if there is "timely notice, and lack of prejudice to the defendant, and reasonable and good faith conduct on the part of the plaintiff." Addison v. State, 21 Cal.3d 313, 319, 578 P.2d 941, 943-44, 146 Cal.Rptr. 224, 227 (1978); Hub Pharmacy, 707 F.2d at 1033. The two actions need not be identical, but all three elements should be considered. Hub Pharmacy, 707 F.2d at 1033; Electronic Equipment Express, Inc. v. Donald H. Seiler & Co., 122 Cal.App.3d 834, 847 n. 3, 176 Cal.Rptr. 239 (1981)
 
 
 [5]
 We note that even if the district court's acceptance of extraneous matter transformed the motion to dismiss into one for summary judgment, several conflicts regarding genuine issues of material fact would remain. Most notably, there would be questions regarding the status, pending or otherwise of Emrich II, as well as significant differences regarding the satisfaction of the equitable tolling elements set out under state and federal law. Unless the lack of a genuine issue of material fact is clearly established, a motion for summary judgment on the basis of the statute of limitations should be denied. See, e.g., Benjamin v. Western Boat Building Corp., 475 F.2d 1085, 1086 (9th Cir.1973) (issue as to date of discovery)