81 F.3d 169
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Keith McHENRY, Plaintiff-Appellant,
v.
Frank JORDAN; City of San Francisco, Defendants-Appellees.
 No. 95-15989.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 13, 1996.
Decided March 29, 1996.
Order Denying Rehearing and Suggestion for Rehearing En Banc
May 30, 1996.
 
 Before: CHOY, BEEZER and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff Keith McHenry appeals the district court's Fed.R.Civ.P. 12(b)(6) dismissal of the action he brought under 42 U.S.C. § 1983. The district court held that McHenry's claim was precluded by prior judgments in McHenry v. Agnos, C-89-2655-VRW, and McHenry v. Agnos, California Superior Court No. 941-976. We have jurisdiction under 28 U.S.C. § 1291. McHenry's appeal is timely, and we affirm.
 
 
 3
 * McHenry is the founder of a group called Food Not Bombs ("FNB"), which distributes food and political literature in San Francisco's parks and plazas. The city's park permit scheme, Park Code sections 7.03 and 7.07, prohibits McHenry from conducting these activities in San Francisco's parks and plazas without a permit.
 
 
 4
 Since he organized FNB in San Francisco in 1987, McHenry has had a rather acrimonious relationship with San Francisco city authorities. He has been arrested and prosecuted on a number of occasions for distributing food and political literature without a permit, and has been involved in a number of lawsuits against the city and city officials in state and federal court. Only two items of litigation are relevant here.
 
 
 5
 One is McHenry v. Agnos, C-89-2655-VRW ("the federal court action"), in which McHenry argued that the park permit ordinance was unconstitutional as applied. McHenry did not raise a facial challenge in that case. The district court, Vaughn R. Walker, entered summary judgment, and we affirmed in a memorandum disposition. McHenry v. Agnos, No. 92-15123 (9th Cir. Jan 19, 1993).
 
 
 6
 The other case is McHenry v. Agnos, Superior Court No. 941-976 ("the state court action"). In the state court action, McHenry raised a facial challenge to the constitutionality of the park permit ordinance. The superior court dismissed many of McHenry's claims, and McHenry later dismissed with prejudice the remainder of his suit. However, he asserts that he orally notified defendants that he planned to proceed with federal litigation; he claims that this oral notification estops defendants from asserting res judicata.
 
 
 7
 In the present action, McHenry raises a facial challenge to the park permit ordinance. He argues on appeal that the earlier cases should not operate as res judicata because the present action arises out of two more recent arrests, on First Amended Complaint ("complaint") that his April 30, 1992 arrest occurred on Market Street in San Francisco while he was demonstrating against police violence. He alleges that his June 2, 1993 arrest occurred while he was leaving San Francisco's Civic Center. McHenry does not allege in his compalint that either of these arrests were for violating the park permit ordinance. Rather, he alleges that those arrests were in furtherance of a conspiracy to deprive him of his constitutional right to free expression. Central to McHenry's conspiracy theory are his numerous denials of park permit applications and arrests for violating the park permit ordinance. According to his complaint, these denials and arrests occurred between 1988 and 1991.
 
 II
 
 8
 We review de novo a dismissal under Rule 12(b)(6). Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir.1988).
 
 
 9
 The district court properly treated the Rule 12(b)(6) motion to dismiss as a Rule 12(b)(6) motion (rather than as a motion for summary judgment under Rule 56), notwithstanding the fact that it took judicial notice of prior proceedings. See Emrich, 846 F.2d at 1198 (holding that a district court's taking notice of the "proceedings and determinations" of prior related litigation does not necessitate treating the Rule 12(b)(6) motion as one for summary judgment).[1]
 
 III
 
 10
 We review de novo a determination of res judicata. E & J Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1287 (9th Cir.1992).
 
 
 11
 Res judicata, or claim preclusion, is defined in Brown v. Felsen, 442 U.S. 127 (1979):
 
 
 12
 Res judicata ensures the finality of decisions. Under res judicata, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.' Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. Res judicata thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes.
 
 
 13
 422 U.S. at 131 (citations omitted).
 
 
 14
 McHenry asserts that neither of the prior suits is based on the same cause of action as the present one. He asserts that the present suit arises out of an April 30, 1992 arrest, while the prior suits arose out of other, earlier arrests. We use a four-criterion test to determine whether successive lawsuits involve the same cause of action:
 
 
 15
 (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.
 
 
 16
 C.D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir.1987). The last of these is the most important factor. Id.
 
 
 17
 All the litigation between McHenry and the city arises out of the same ongoing dispute. Much of this background is recounted in McHenry's 26-page First Amended Complaint. In particular, the factual allegations in paragraphs 29-62 of the complaint discuss the background and are incorporated by reference in each of McHenry's claims for relief.
 
 
 18
 The transactional nucleus of facts in this case consists of the lengthy history of this dispute, as recounted in McHenry's complaint. He does not allege that either the April 30, 1992 or June 2, 1993, arrests were for violating the park permit ordinance. The only plausible connection between these arrests and the park permit ordinance is the ongoing dispute between McHenry and the city --McHenry's alleged conspiracy. Because he could have raised the facial challenge to the park permit ordinance in the earlier federal court action which arose out of the same transactional nucleus of facts, McHenry's claim is barred by res judicta.
 
 B
 
 19
 McHenry argues that defendants are estopped from asserting res judicata based on the state court action. He argues that his oral declaration of intent to "proceed[ ] with his federal action, McHenry v. Renne, C-92-1154-VRW" operated to limit the unconditional language of the stipulated dismissal with prejudice. As the district court pointed out, the language of the dismissal is clear and unequivocal: "McHenry hereby dismisses all remaining causes of action in the above-captioned case with prejudice against all named defendants."
 
 
 20
 McHenry raised a facial challenge in the state court action, and subsequently dismissed it with prejudice. The district court concisely addressed the effect of dismissal in the state court:
 
 
 21
 Because this court must give full faith and credit to the state court judgment, see 28 U.S.C. § 1738, '[t]he res judicata effect of [the] state-court decision[ ] in [this] § 1983 action[ ] is a matter of state law.' Heck v. Humphrey, 114 S.Ct. 2364, 2369 n. 2 (1994).
 
 
 22
 Under California law, a voluntary dismissal with prejudice is a determination on the merits and has preclusive effect.... Gagnon Co. v. Nevada Desert Inn, Inc., 45 Cal.2d 448, 455 (1955).
 
 
 23
 We agree with the district court's analysis. McHenry raised a facial challenge in the prior state court action; under California law, the voluntary dismissal with prejudice of that action has preclusive effect.
 
 C
 
 24
 McHenry argues that the district court improperly denied his motion for a preliminary injunction. Before a court may enter a preliminary injunction, the plaintiff must establish a probable chance of success on the merits. See Dumas v. Gommerman, 865 F.2d 1093, 1095 (9th Cir.1989). Because the district court correctly dismissed McHenry's claim, McHenry has no change of success on the merits.
 
 IV
 
 25
 Also pending before this court is McHenry's request for judicial notice. McHenry requests that we notice four items: three documents from the record in People v. Food Not Bombs and a report by Amnesty International. In light of our affirmance of the district court's dismissal, we need not consider any further materials.
 
 V
 
 26
 McHenry could have raised a facial challenge in the prior federal court action, and he did raise a facial challenge in the prior state court action. Both cases preclude McHenry from again raising a facial challenge on this transactional nucleus of facts.
 
 
 27
 AFFIRMED.
 
 ORDER
 
 28
 May 30, 1996.
 
 
 29
 The memorandum disposition filed March 29, 1996 is amended as follows:
 
 
 30
 With the above amendments the panel has voted to deny the petition for rehearing and to reject the suggestion for rehearing is rejected.
 
 
 31
 The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.
 
 
 32
 The petition for rehearing is DENIED and the suggestion for rehearing en banc is REJECTED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Our recent opinion in Jacobson is not to the contrary. Jacobson v. AEG Capital Corp., 50 F.3d 1493, 1496 (9th Cir.1995) (Rule 12(b)(6) dismissal should be treated as a Rule 56 summary judgment when parties were given opportunity to brief issues and submit affidavits and declarations, and judicial notice was taken of "extensive" records and transcripts of prior proceedings)