**Randall G. KNOWLES, Plaintiff–Appellant,**

v.

**LINCOLN NATIONAL LIFE INSURANCE CO.; Lincoln Financial Group, Defendants–Appellees.**

No. 06–35786.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2008.

Filed May 16, 2008.

Steven T. Potts, Thompson, Jacobsen & Potts, P.C., Great Falls, MT, for Plaintiff–Appellant.

Stephanie A. Oblander, Esq., Smith Oblander & Mora, Great Falls, MT, for Defendants–Appellees.

Before: THOMPSON, W. FLETCHER, and BEA, Circuit Judges.

MEMORANDUM *

Plaintiff-appellant Randall G. Knowles ("Knowles") appeals the district court's summary judgment in favor of Lincoln National Life Insurance Company. In this diversity suit, Knowles sought reimbursement and indemnification for expenses he incurred while allegedly employed by Lincoln National Life Insurance Company ("Lincoln") and Lincoln Financial Group ("LFG"). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We conclude that removal from state court was proper because LFG was not required to consent to Lincoln's notice of removal. Service against LFG was not effectuated, and Knowles did not attempt to reserve LFG or appeal Lincoln's motion to quash. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir.1988) (The general rule that "all defendants in a state action must join in the petition for removal ... [applies] only to defendants properly joined and served in the action.") (internal citations omitted). In addition, because LFG is not a party to any contract upon which Knowles could predicate a claim, LFG is a nominal party whose consent for removal was not necessary. *Id.* ("nominal, unknown or fraudulently joined parties" need not join in petition for removal). Accordingly, the district court did not err in failing to remand the case to state court.

On the merits, it is clear that Knowles was an independent contractor rather than an employee, and had no right under his contract to be reimbursed for his expenses. *See Moberly v. Day*, 757 N.E.2d 1007, 1013 (Ind.2001) (affirming district court's grant of summary judgment where significant, undisputed facts indicate independent contractor status). Accordingly, we affirm the district court's summary judgment in favor of Lincoln.

Lincoln has filed a motion for damages and costs on appeal. *See* Fed. R.App. P. 38; *Grimes v. Commissioner*, 806 F.2d 1451, 1454 (9th Cir.1986) (per curiam) ("Sanctions are appropriate when the re-

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

sult of an appeal is obvious and the arguments of error are wholly without merit."). Although a close call, we deny the motion.

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.