**O.S., a minor, by her mother and next of friend, Molly SAKAR, and Molly Sakar, Plaintiffs,**

v.

**HAGELAND AVIATION SERVICES, INC., Defendant.**

No. 4:08–cv–0016–RRB.

United States District Court, D. Alaska.

Sept. 5, 2008.

Myron E. Angstman, Angstman Law Office, Bethel, AK, Russell L. Winner, Winner & Associates, P.C., Anchorage, AK, for Plaintiffs.

Craig Howard, Robert L. Richmond, Richmond & Quinn, Anchorage, AK, for Defendant.

## ORDER REMANDING CASE TO STATE COURT

RALPH R. BEISTLINE, District Judge.

## I. INTRODUCTION

Before the Court are Plaintiffs O.S., a minor, and Molly Sakar ("Plaintiffs") with a Motion to Remand at Docket 9. Plaintiffs argue that this case was improperly removed to federal court because the Court lacks subject matter jurisdiction. Specifically, Plaintiffs argue that although the resolution of this case requires the application of federal aviation regulations, that fact alone is not sufficient for federal "arising under" jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(b).

Defendant opposes at Docket 18 and argues that the applicability of the Federal Aviation Act ("FAA") standards to Defendant's conduct is sufficient for a finding of "arising under" jurisdiction. Specifically, Defendant argues that the FAA completely preempts state court jurisdiction over causes of action related to aviation safety. Alternatively, Defendant argues that this case presents a "federal question" which justifies removal to federal court.

## II. BACKGROUND

Plaintiffs allege that on October 18, 2007, O.S. was injured in Crooked Creek, Alaska.[1] According to Plaintiffs, O.S. was standing by an airplane owned by Defendant, and was securing her luggage from the airplane while the plane was sitting on the Crooked Creek airstrip preparing for takeoff.[2] Plaintiffs allege that the pilot failed to clear the area around the airplane before starting its engine, that O.S. was hit in the head with one of the aircraft's propeller blades, and that the propeller blade knocked her to the ground and caused significant injuries.[3]

On April 17, 2008, Plaintiffs filed suit against Defendant in the Superior Court for the State of Alaska in Bethel.[4] Their complaint alleged claims under state common law for negligence, recklessness, and punitive damages.[5] Defendant was served with the complaint on May 9, 2008. On May 16, 2008, Defendant removed the action to this Court, asserting federal-question jurisdiction under 28 U.S.C. § 1441(b).[6] Plaintiffs then filed their instant motion to remand under 28 U.S.C. § 1447(c).[7]

Inasmuch as the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, the Court has determined that oral argument is neither necessary nor warranted.

## III. STANDARD OF REVIEW

A lawsuit may be removed to federal court under 28 U.S.C. § 1441 so long as

---

1. Docket 10 at 3.

2. *Id.*

3. Docket 10 at 4.

4. Docket 1 at Exhibit B.

5. *Id.*

6. Docket 1 at 1.

7. Docket 9.

the suit could have been brought in federal court originally.[8] Where federal jurisdiction is based on 28 U.S.C. § 1331, the party seeking removal bears the burden of establishing that the case "arises under the Constitution, laws or treaties of the United States."[9] Section 1441 is strictly construed against removal jurisdiction[10] and, if it appears at any time before final judgment that the court lacks jurisdiction, the case must be remanded.[11]

A defendant removing a case to federal court has the burden of establishing that the removal is proper.[12] A suit may be removed if removal jurisdiction pursuant to 28 U.S.C. § 1441 exists and the procedures for removal at 28 U.S.C. § 1446 are followed. Nevertheless, courts must strictly construe the removal statutes against removal and must reject removal jurisdiction if there is any doubt as to whether the removal is proper.[13]

## IV. DISCUSSION

Defendant argues for federal jurisdiction and removal on two alternate bases. First, Defendant argues that the FAA completely preempts all state court jurisdiction over claims that concern aviation safety. In the alternative, Defendant argues that, even if the federal courts do not have jurisdiction over all aviation safety cases, there is federal court jurisdiction in this case because it raises a "federal question." The Court will examine each argument in turn.

### A. The FAA Does Not Preempt All State Court Actions Concerning Aviation Safety

■ The principal authority that Defendant cites to establish removal jurisdiction in this case is *Montalvo v. Spirit Airlines* 508 F.3d 464 (9th Cir.2007). In *Montalvo*, the Ninth Circuit held that the Federal Aviation Act("FAA") "preempts the entire field of aviation safety through implied field preemption."[14] Specifically, the Court held that the "FAA and regulations promulgated pursuant to it establish complete and thorough safety standards for air travel, which are not subject to supplementation by, or variation among, state laws."[15]

Defendant asserts that, according to the Ninth Circuit's decision in *Montalvo*, federal courts have jurisdiction over all cases relating to aviation safety. Defendant notes that this Court so held in *Alexie v. Hageland Aviation*, 4:07–cv–00031–RRB at Docket 12.

Upon closer examination of the relevant case law, the Court concludes that its holding in *Alexie* was incorrect, and that the FAA does not require the removal of all cases concerning aviation safety to federal court.

The U.S. Supreme Court held in *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003) that "a state claim may be removed to federal court in only two circumstances-when Congress expressly so provides, [ . . . ] or when

---

8.  *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir.), cert. denied, 484 U.S. 850, 108 S.Ct. 150, 98 L.Ed.2d 106 (1987).

9.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988).

10.  *Id.*

11.  28 U.S.C. § 1447(c).

12.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

13.  *Id.*

14.  *Montalvo v. Spirit Airlines* 508 F.3d 464, 468 (9th Cir.2007)

15.  *Id.*

a federal statute wholly displaces the state-law cause of action through complete pre-emption." [16] The Court further held that "where this Court has found complete pre-emption-certain causes of action under the LMRA and ERISA—the federal statutes at issue provided the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." [17]

Congress has never expressly provided for removal of aviation safety claims to federal court. Furthermore, the FAA does not provide its own "exclusive cause of action." [18] The Ninth Circuit has specifically held that "the Federal Aviation Act does not contain an implied private right of action." [19] Therefore, following the Supreme Court's holding in *Beneficial,* it cannot be that the FAA requires removal of all aviation safety claims.

*Montalvo* does not stand for the proposition that the FAA completely preempts all state court jurisdiction over aviation safety claims. The question that the Ninth Circuit dealt with in *Montalvo,* a diversity case, was whether state law could impose additional safety restrictions on air carriers.[20] The Ninth Circuit dismissed the state law claims because they conflicted with FAA regulations.[21]

The fact that the FAA regulations are "not subject to supplementation by, or variation among, state laws" [22] does not mean that state courts are precluded from hearing claims that involve some interpretation of federal statutes. In holding that federal law preempts the field of aviation safety, the *Montalvo* Court adopted the reasoning of the Third Circuit in *Abdullah v. American Airlines, Inc.,* 181 F.3d 363 (3rd Cir. 1999). The *Abdullah* court held that "the standard applied in determining if there has been careless or reckless operation of an aircraft, should be federal; state or territorial regulation is preempted." [23] Yet the *Abdullah* court also stated:

> Even though we have found federal preemption of the standards of aviation safety, we still conclude that the traditional state and territorial law remedies continue to exist for violation of those standards. Federal preemption of the standards of care can coexist with state and territorial tort remedies.

*Abdullah* at 375.

The U.S. Supreme Court likewise held in *Silkwood v. Kerr–McGee Corp.,* 464 U.S. 238, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984), that federal preemption of nuclear safety regulations did not preclude state tort remedies. The Court held that while "safety regulation is the exclusive concern of the federal law [ . . . ] a state may nevertheless award damages based on its own law of liability."[24]

This Court holds that, absent any provision in the FAA for an "exclusive cause of action" [25] for private litigants, there is no basis for federal preemption of all state law claims that are based on aviation safety violations.

**16.** *Beneficial* at 8, 123 S.Ct. 2058.

**17.** *Id.*

**18.** *Id.*

**19.** *In re Mexico City Aircrash of October 31, 1979,* 708 F.2d 400, 408 (9th Cir.1983).

**20.** *Montalvo* at 468.

**21.** *Id.*

**22.** *Id.*

**23.** *Montalvo* at 473, quoting *Abdullah* at 372.

**24.** *Silkwood* at 256, 104 S.Ct. 615.

**25.** *Beneficial* at 8, 123 S.Ct. 2058.

## B. The Court Does Not Have "Federal Question" Jurisdiction Over Plaintiffs' Claims.

■ Defendant's second proposed basis for federal jurisdiction is that the plaintiffs' right to relief in this case necessarily depends on resolution of substantial questions of federal law. Defendant cites the U.S. Supreme Court's holding in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005), in which the Court held that removal of state law claims under 28 U.S.C. § 1331 is proper if 1) the case "turn[s] on substantial questions of federal law" and 2) "federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." [26] The U.S. Supreme Court has characterized the category of cases involving state law claims that may be removed to federal court under the standard outlined in Grable as a "slim category." [27]

As to the first prong of the *Grable* analysis, it is unlikely that this case raises a "substantial question[ ] of federal law." In *Grable*, unlike the present case, the only disputed issue was one of federal law, concerning the proper construction of the federal tax code. The *Grable* Court cautioned that "the federal issue in a state-law claim must actually be in dispute to justify federal-question jurisdiction." [28]

The posture of this case is much more similar to that in *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), in which the U.S. Supreme Court held that "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." [29] In *Merrell Dow*, as in this case, the plaintiff's state law claims required proof of a violation of federal regulations. [30] In this case, as in *Merrell Dow*, Congress has provided no federal private remedy for violation of the regulations in question. [31] The *Merrell Dow* Court noted,

> Given the significance of the assumed congressional determination to preclude federal private remedies [in the FDA], the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system. [32]

Defendant's arguments that this case provides a "substantial question of federal law" amount to an assertion that only a federal court is qualified to interpret the relevant FAA regulations, and that a state court might apply them incorrectly. However the Supreme court addressed this concern in *Merrell Dow* when it said,

> Petitioner's concern about the uniformity of interpretation [ . . . ] is considerably mitigated by the fact that, even if there is no original district court jurisdiction for these kinds of action, this Court retains power to review the decision of a federal issue in a state cause of action. [33]

The validity of the FAA is not in question in the present case. The Court sees no reason why the state court's task in applying the FAA regulations to the facts

---

26. *Grable* at 312–13, 125 S.Ct. 2363.

27. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 681, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006).

28. *Grable* at 315, n. 3, 125 S.Ct. 2363.

29. *Merrell Dow* at 813, 106 S.Ct. 3229.

30. *Merrell Dow* at 806, 106 S.Ct. 3229.

31. *Merrell Dow* at 814, 106 S.Ct. 3229; *In re Mexico City Aircrash* at 408.

32. *Id.*

33. *Merrell Dow* at 815, 106 S.Ct. 3229.

of this case will be any more complicated than was the state court's task in applying the FDA regulations in *Merrell Dow.* Therefore, there are no "substantial questions of federal law"[34] which would justify subject matter jurisdiction in this case.

Even if the federal issue in this case were a "substantial question[ ] of federal law", it would still fail the second requirement set forth by the Supreme Court in *Grable,* namely that federal jurisdiction must be "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331."[35] The relevant statutes indicate that Congress has never intended that all cases concerning aviation safety be brought into the federal courts.

First, it is established that the FAA provides for no private civil remedies, either express or implied.[36] This fact alone is highly probative of Congress' intent that there be no federal jurisdiction in most aviation safety cases, The passage of the Multiparty, Multiforum Trial Jurisdiction Act of 2002, codified at 28 U.S.C. § 1369, is further evidence of such congressional intent. In § 1369, Congress instituted federal jurisdiction for cases arising from accidents that had caused 75 or more deaths, provided that they meet certain requirements of "minimal diversity".[37] That Congress had aviation accidents in mind when it drafted the statute is clear from the legislative history.[38] If Congress had intended that all aviation safety cases be heard in federal court, it would not have restricted federal jurisdiction to those airline accidents resulting in 75 or more deaths.

As the Seventh Circuit noted in *Bennett v. Southwest Airlines Co.,* 484 F.3d 907 (7th Cir.2007), the "75 fatalities" restriction of § 1369 "would be rendered meaningless if, as defendants maintain, every aviation case is federal. Section 1369 makes sense only if transportation disasters are litigated in state court unless they satisfy the new statute's terms."[39] This Court agrees with the *Bennett* court's reasoning. Because federal jurisdiction in the present case would not be "consistent with congressional judgment about the sound division of labor between state and federal courts", the Court holds that there is no "federal question" jurisdiction over Plaintiffs' state law claims.

## V. CONCLUSION

Because Defendant has failed to carry its burden of showing that this Court has subject matter jurisdiction over Plaintiffs' claims, Plaintiffs' Motion for Remand is **GRANTED.** Because the Court finds that Defendant had an "objectively reasonable basis for seeking removal"[40] given the Court's earlier ruling, Plaintiffs' request for attorney's fees is **DENIED.**

**IT IS SO ORDERED.**

---

34. *Grable* at 312–13, 125 S.Ct. 2363.

35. *Id.*

36. *In re Mexico City Aircrash* at 408.

37. 28 U.S.C. § 1369.

38. Kristine C. Karnezis, Annotation, *Construction and Application of Multiparty, Multiforum, Trial Jurisdiction Act of 2002 (MMTJA),*
*28 U.S.C.A. § 1369,* 2006 A.L.R. Fed.2d 21, §§ 2, 5.

39. *Bennett* at 911.

40. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).