**Eugene ROBICHAUD, Plaintiff–Appellant,**

v.

**COUNTY OF CLARK, Defendant–Appellee.**

No. 07–16793.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2009.*

Filed Jan. 23, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**154**

Kirk T. Kennedy, Esquire, Las Vegas, NV, for Plaintiff–Appellant.

Gloria M. Navarro, Deputy District, Clark County District Attorney's Office Civil Division, Las Vegas, NV, for Defendant–Appellee.

Before: BRIGHT,** HUG, and REINHARDT, Circuit Judges.

MEMORANDUM ***

Eugene Robichaud appeals the district court's summary judgment in favor of Clark County for claimed violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act (ADEA), and 42 U.S.C. § 1983. We have

jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1088 (9th Cir.2008), and we affirm.

■ The district court properly granted summary judgment on Robichaud's Title VII and ADEA claims because Robichaud has not raised a genuine issue of material fact that the County's proffered reasons for its employment decision were a pretext for discrimination. *See Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1212 (9th Cir.2008); *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir.2006). This failure to establish intentional discrimination under Title VII and the ADEA necessarily eviscerates his § 1983 claims based on the same conduct. *See Sischo–Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d 1104, 1112 (9th Cir.1991).

■ Robichaud also appeals the district court's grant of summary judgment for the County on his state law claim of negligent supervision. This claim is "based on the County's unreasonable failure to properly train its employees, including those in Human Resources, to not engage in discriminatory conduct." Upon de novo review of the state law at issue, *see Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir.1988), we conclude that Nevada does recognize the tort of negligent supervision. *See Hall v. SSF, Inc.*, 112 Nev. 1384, 930 P.2d 94, 99 (1996). However, it is unclear whether the State would impose liability for negligent supervision resulting in unlawful discrimination. Even if Nevada would impose liability under such circumstances, summary judgment was properly granted because Robi-

** The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

chaud has failed to raise a genuine issue of material fact showing that any County employee discriminated against him.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.