**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

JUL 6 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REX K. DeGEORGE and KATHERYN PALMER DeGEORGE,

Plaintiffs - Appellants,

v.

McCAMBRIDGE DEIXLER & MARMARO, LLP; et al.,

Defendants - Appellees.

No. 06-55851

D.C. No. 2:05-cv-08682-GPS-PLA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George P. Schiavelli, District Judge, Presiding

Submitted June 15, 2011[**]

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Rex K. DeGeorge and Katheryn Palmer DeGeorge appeal pro se from the

district court's order dismissing without prejudice their action for failure to serve

all but one of the defendants in a timely manner. We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to serve timely a summons and complaint. *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir. 2001). We review de novo the denial of a motion to remand a removed case. *D-Beam Ltd. v. Roller Derby Skates, Inc.*, 366 F.3d 972, 974 n.2 (9th Cir. 2004). We affirm.

The district court did not abuse its discretion in dismissing the action without prejudice because plaintiffs failed to serve the remaining defendants in a timely manner or show good cause for this failure. *See* Fed. R. Civ. P. 4(m) (120-day time limit for service unless the plaintiff shows good cause); *In re Sheehan*, 253 F.3d at 512 (setting forth factors for dismissal under Rule 4(m)).

The district court did not err in rejecting plaintiffs' in forma pauperis application on the basis of a lack of proof of service. *See* Fed. R. Civ. P. 5(d).

The district court properly denied plaintiffs' motion to remand because the court had federal question jurisdiction. *See* 28 U.S.C. § 1441(a)-(b); *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1196 (9th Cir. 1988) (RICO claim is removable because it arises under the laws of the United States).

Plaintiffs' remaining contentions are unpersuasive.

**AFFIRMED.**