167 F.3d 1261
 49 U.S.P.Q.2d 1781, 99 Cal. Daily Op. Serv. 1143,
1999 Daily Journal D.A.R. 1417
 PRIZE FRIZE, INC.; William Bartfield; Larry Wirth,
Plaintiffs-Appellants,
v.
MATRIX (U.S.) INC.; Matrix, Inc.; Peter Fisher;
International Fries, Inc.; Edward Trent; Fry Factory,
Inc.; Xavier Castro; Marcellino Menendez; MXI, Inc.;
Baltkor International; Sanad Company; Michael Krakov;
Griffin Financial Management Corporation, Inc.; EZ Fries,
Inc.; Samuel Hepburn; Dudley Muth; Richard O. Wahlgren;
Gene Fruhling; Eurofrize, Ltd.; Laszlo Kovacs; Seek,
Inc.; Fresh Fries Uk Ltd.; S.A. Tege; Tasty Fries, Inc.;
Premier Design, Ltd.; H & R Industries; Edward C. Kelly;
Jack C. Garber; Micro Technology, Inc.; Lifetime Hoan
Corporation, Defendants-Appellees.
 No. 97-55818.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 10, 1998.
Decided Feb. 12, 1999.
 
 George McGill, Cardiff by the Sea, California, for plaintiffs-appellants.
 C. Casey White, Tilem, White & Weintraub, Glendale, California, for defendants-appellees Matrix, Inc., International Fries, Inc., Peter Fisher and Edward Trent.
 Stephen E. Norris and L. Rachel Lerman Helyar, Horvitz & Levy, Encino, California, for defendant-appellee Gene Fruhling.
 Robert H. Bretz, Marina del Rey, California, for defendant-appellee MXI, Inc., Xavier Castro and Marcellino Menendez.
 Appeal from the United States District Court for the Central District of California; William J. Rea, District Judge, Presiding. D.C. No. CV-97-00967-WJR.
 Before: CANBY and THOMAS, Circuit Judges, and SCHWARZER,[1] Senior District Judge.
 THOMAS, Circuit Judge:
 
 
 1
 Prize Frize, Inc., William Bartfield and Larry Wirth (collectively "Prize Frize") contend their state complaint was improperly removed. We agree, and reverse the district court.
 
 
 2
 * Because a full recitation of the procedural history of this case might task even the most avid devotees of Jarndyce v. Jarndyce,[2] we shall recount only that which is necessary to illuminate our rationale. Thus, we will not chronicle this litigation's first pilgrimage through the state court system in the 1980's, nor provide an account of its digression as an adversary proceeding in United States Bankruptcy Court in the early part of this decade, nor linger over the post-bankruptcy state foreclosure action. For our purposes, we begin with Prize Frize's first amended complaint filed in California Superior Court in June of 1996, which augmented Prize Frize's previously filed state law causes of action[3] with a new federal claim for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 (1994), commonly known as RICO. Certain of the defendants (Matrix, Fisher and Trent) appeared and demurred. In November 1996, their demurrer was sustained with leave to amend as to certain counts, but overruled as to the RICO count. Subsequently, Prize Frize filed a third and fourth amended complaint. Defendants demurred, but the demurrers as to the RICO count were overruled.
 
 
 3
 Prize Frize filed its fourth amended complaint on January 18, 1997. This twenty-two count, 117 page tome included additional new factual allegations detailing Prize Frize's claims for misappropriation of trade secrets. Responding to the new allegations, Matrix (U.S.) Inc.; Matrix, Inc.; Peter Fisher; International Fries, Inc.; and Edward Trent (collectively, "Matrix defendants") filed a Notice of Removal on February 13, 1997, alleging that paragraph forty-nine of the fourth amended complaint "clearly revealed that Plaintiffs' claims were undeniably claims for infringement of United States Patent[s]...." The Matrix defendants asserted that the new allegations revealed that the trade secrets claims were artfully pleaded patent infringement claims, for which original and exclusive jurisdiction was vested in federal district courts pursuant to 28 U.S.C. § 1338(a) (1994).
 
 
 4
 Although the fourth amended complaint named thirty-three defendants and five unnamed "Does," only ten additional defendants joined in that removal notice in writing. By February 12, 1997, defendants Richard O. Wahlgren; Gene Fruhling; Tasty Fries, Inc.; MXI, Inc.; Xavier Castro; Marcellino Menendez; Seek, Inc.; Michael Krakov dba Inter Trade Exchange Co.; and Dudley Muth had been formally joined in the notice of removal. So had defendant Tasty Fries. On February 20, 1997, however, attorney Elizabeth Drier filed a "Notice of Withdrawal of Joinder in Removal to Federal Court" on behalf of defendant Tasty Fries. At a hearing on March 24, 1997, defendant Micro Technology, Inc., who had not previously joined the notice, orally informed the court that it would join.
 
 
 5
 The Matrix defendants explained the failure of all defendants to join in the Notice by claiming they had "been informed and believe that many of the other defendants named in the fourth amended complaint's caption have not been properly served in this matter." Prize Frize contested this, alleging that the fourth amended complaint had been served on all named defendants except Lifetime Hoan Corporation by January 18, 1997. All defendants who joined the removal notice admit to having received the fourth amended complaint on or about January 21, 1997.
 
 
 6
 Claiming improper removal, Prize Frize filed a motion to remand the action to the Riverside Superior Court. The Matrix defendants responded with a motion to dismiss Prize Frize's fourth amended complaint. Although on March 24, 1997, the district court issued a tentative ruling indicating its intention to grant Prize Frize's motion to remand, it had a change of heart and entered an order denying the remand motion on March 31, 1997. On April 21, 1997, the defendants argued their motion to dismiss before the district court, which the court granted on April 29, 1997. The district court also denied as moot Prize Frize's motion for reconsideration of the order denying remand. This timely appeal followed.
 
 II
 
 7
 Contrary to defendants' assertions, proper appellate jurisdiction is vested in this court and not the Court of Appeals for the Federal Circuit. Under 28 U.S.C. § 1295(a)(1) (1994), the Court of Appeals for the Federal Circuit has exclusive jurisdiction of an appeal from a final decision of a district court "if the jurisdiction of that court was based, in whole or in part" on United States patent law. However, a case will not be deemed to arise under patent law under section 1295(a)(1) unless the plaintiffs "set up some right, title or interest under the patent laws, or at least make it appear that some right or privilege will be defeated by one construction, or sustained by the opposite construction of these laws." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 807-08, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (quoting Pratt v. Paris Gaslight & Coke Co., 168 U.S. 255, 259, 18 S.Ct. 62, 42 L.Ed. 458 (1897)).
 
 
 8
 Prize Frize alleges that the defendants, through a series of unfair, unlawful and collusive actions, deprived Prize Frize of its ownership of, among other things, four patents. As in Christianson, see id. at 809, 108 S.Ct. 2166, patent law did not create Prize Frize's unfair competition, breach of contract and conspiracy claims. Claims concerning patent ownership do not create federal jurisdiction. See Jim Arnold Corp. v. Hydrotech Sys., Inc., 109 F.3d 1567, 1572 (Fed.Cir.1997). The fact that the state law remedies that Prize Frize seeks for alleged trade secret infringement may tangentially involve issues of patent ownership does not convert the state causes of action into federal law claims. See id. at 1574-75. See also Ballard Medical Prods. v. Wright, 823 F.2d 527, 530 (Fed.Cir.1987) (holding that the mere presence of patent issues is not a sufficient basis for patent jurisdiction). Thus, this is not a case arising under federal patent law, and appellate jurisdiction properly rests in this court and not the Court of Appeals for the Federal Circuit.III
 
 
 9
 The district court dismissed the Prize Frize complaint because Prize Frize did "not legally own the items the defendants misappropriated." The court based its conclusion on a prior foreclosure action which purported to divest Prize Frize of title. However, there were numerous claims that are not necessarily dependent on an ownership finding, including the RICO, conspiracy and collusion claims. Therefore, dismissal was inappropriate as to those causes of action.
 
 
 10
 In addition, the district court appears to have misapprehended Prize Frize's ownership allegations. Prize Frize alleges in its verified complaint that the foreclosure sale was void or voidable as a sham, that defendants conspired to discourage a competitive foreclosure bidder, that they failed to advertise the sale, that they obtained the patents for less than fair market value and that, as a matter of law, the foreclosure remedy employed did not effectuate transfer of the patents.
 
 
 11
 In Crosby v. Reed (In re Crosby), 176 B.R. 189, 195 (9th Cir.BAP 1994), the court noted that California Commercial Code section 9504(3) requires that the secured party "act[ ] in good faith and in a commercially reasonable manner," and "exercise reasonable care and diligence to obtain a reasonable price." See also Ford & Vlahos v. ITT Commercial Fin. Corp., 8 Cal.4th 1220, 36 Cal.Rptr.2d 464, 885 P.2d 877, 883-85 (Cal.1994) (indicating importance of sufficient publicity in demonstrating good faith). Under California law, these verified claims are sufficient for the possible award of compensatory damages. Whether these claims are ultimately viable is irrelevant for our purposes; the allegations are sufficient to state legal claims upon which relief might be afforded.
 
 
 12
 For these reasons, the district court erred in dismissing Prize Frize's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).
 
 IV
 
 13
 Because the district court's decision must be reversed on the merits, we may consider the propriety of removal. Removal is a question of federal subject matter jurisdiction which we review de novo. See Williams v. Caterpillar Tractor Co., 786 F.2d 928, 930 (9th Cir.1986). The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir.1988).
 
 
 14
 Ordinarily, the existence of subject matter jurisdiction at time of judgment cures any defects in removal procedure. See Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 702, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972). In this case, notwithstanding the absence of federal jurisdiction predicated on patent law, the district court had subject matter jurisdiction over the civil RICO claim asserted by Prize Frize when the court entered judgment. 18 U.S.C. § 1964 (1994); 28 U.S.C. § 1331 (1994); see also Emrich, 846 F.2d at 1194-95 (noting that federal courts have concurrent jurisdiction over RICO claims and pendent jurisdiction over state claims joined with RICO claims). Under different circumstances, the application of the Grubbs rule would have cured the procedural defects of this removal because the district court had subject matter jurisdiction based on the RICO claims at the time it entered judgment. See Grubbs, 405 U.S. at 702, 92 S.Ct. 1344 ("[W]here after removal a case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case....").
 
 
 15
 The rationale of efficiency, economy and the interest in finality that underlies Grubbs does not apply where the judgment reached by the trial court must be reversed on the merits and the case remanded to the trial court for further proceedings. See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 75, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) ("Once a diversity case has been tried in federal court ... considerations of finality, efficiency, and economy become overwhelming.") (citation omitted); see also Marshall v. Manville Sales Corp., 6 F.3d 229, 231-32 (4th Cir.1993) (reversing summary judgment and remanding to the district court for remand to state court because of wrongful removal).
 
 
 16
 Although we have not directly addressed the issue in the context of a procedural defect in removal, we have stated that Grubbs does not apply where the court of appeals reverses a district court's grant of summary judgment, leaving no judgment on the merits. See Emard v. Hughes Aircraft Co., 153 F.3d 949, 962 (9th Cir.1998), cert. denied, --- U.S. ----, 119 S.Ct. 903, 142 L.Ed.2d 902 (1999). Accordingly, because we are reversing the district court's grant of a motion to dismiss, the Grubbs rule does not apply to cure removal defects, which we therefore may consider on their merits.
 
 
 17
 The Matrix Defendants' attempt to remove this action may have been procedurally defective in numerous respects,[4] but it is sufficient for us to address the lack of unanimity. Section 1446 requires all proper defendants to join or consent to the removal notice. See Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir.1998) ("All defendants must join a notice of removal"); Emrich, 846 F.2d at 1190 n. 1. The notice of removal filed by the Matrix defendants plainly admits on its face that not all defendants had joined in the removal.
 
 
 18
 Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal. Northern Illinois Gas Co. v. Airco Industrial Gases, 676 F.2d 270, 273 (7th Cir.1982); see also 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.11(d) (Matthew Bender 3d ed.1997) ("the notice of removal should expressly indicate why one or more defendants have not joined in the removal notice").
 
 
 19
 The only explanation provided in the removal notice for failure to comply with the unanimity requirement was that the Matrix defendants "have been informed and believe that many of the other defendants named in the fourth amended complaint caption have not been properly served in this matter." (emphasis supplied). Because the words "many" and "all" are not synonymous, the notice was facially deficient for failing to explain why all non-joining defendants had not consented.
 
 
 20
 The defects in the removal notice were not cured within the thirty-day statutory period permitted for joinder. See Cantrell v. Great Republic Ins. Co., 873 F.2d 1249, 1253 (9th Cir.1989). Indeed, the record shows that defendant Micro Technology, Inc., attempted to orally join at a court hearing weeks after the thirty-day period had expired.
 
 
 21
 The Matrix defendants continue to argue on appeal that they satisfied the unanimity requirement because non-joining defendants[5] challenged the sufficiency of service process. However, even assuming objecting to sufficiency of process may be equated to a lack of service, the Matrix defendants' claim is belied by the fact that at least one defendant, Samuel Hepburn, made a general appearance in state court but never joined in the removal notice.[6] Thus, the argument of the Matrix defendants is without merit.
 
 
 22
 Accordingly, because the removal notice was facially defective and the deficiencies uncured within the thirty-day statutory period, removal was improper. The Matrix defendants plainly and simply failed to meet the removal requirements of 28 U.S.C. § 1446(a).V
 
 
 23
 In sum, we have appellate jurisdiction because the claims asserted did not arise under United States patent laws. The district court erred in dismissing the plaintiffs' complaint because that complaint stated a claim upon which relief could be granted. The case was improperly removed because not all defendants consented to the removal. Although the district court had subject matter jurisdiction at the time judgment was entered due to the plaintiffs' asserted RICO claims, the Grubbs rule does not cure the defective removal because resolution of this appeal vacates the district court's judgment on the merits.
 
 
 24
 For these reasons, we reverse the district court and remand this case with instructions for the district court to remand it to the Superior Court of the State of California, in and for the County of Riverside.
 
 
 25
 REVERSED AND REMANDED.
 
 
 
 [1]
 The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 [2]
 CHARLES DICKENS, BLEAK HOUSE (1853)
 
 
 [3]
 Prize Frize's initial complaint in the instant action was filed November 1, 1995, against Matrix (U.S.) Inc.; Matrix, Inc.; Peter Fisher; Ronald Marley and Does I-V alleging seven state law based claims for relief, namely: breach of contract, breach of settlement agreement, conspiracy to induce and aid, breach of royalty agreement, rescission, interference with contract and interference with prospective business advantage
 
 
 [4]
 The potential procedural violations include the fact that the removal may have been untimely because Prize Frize's first amended complaint included a removable RICO claim; that defendant Micro Technology did not join by official filing; that defendant Tasty Fries, Inc., withdrew its joinder within the thirty-day period and that the case was removed to the incorrect division. We do not reach these issues because the failure to adhere to the unanimity rule is dispositive
 
 
 [5]
 It is not clear from the record that this contention applies to all non-joining defendants, as would be required for the Matrix defendants to succeed in this appeal, but our disposition is not dependent upon resolution of that factual question
 
 
 [6]
 In addition, although we need not determine the legal significance of it because Hepburn's failure to join is dispositive, there is ample record evidence that at least four of the named defendants who did not join in the removal notice had received a copy of the fourth amended summons and complaint, and that the vast majority of the other defendants were clearly on notice of the proceedings and the notice of removal