Michael C. DELEW, et al., Plaintiffs,

v.

## LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., Defendants.

### No. CV–S–00–RLH(LRL).

United States District Court, D. Nevada.

Aug. 10, 2000.

Daniel Foley, Foley & Jones, Las Vegas, NV, for plaintiffs .

Bridget Branigan, Nevada Attorney General's Office, Las Vegas, NV, for defendant Adamson, William.

Peter Angulo, Rawlings, Olson, Cannon, Gormley & Desruisseaux, Las Vegas, NV, for defendants.

**ORDER** (Motion to Remand—# 7)

HUNT, District Judge.

Before the Court is Plaintiffs' **Motion to Remand** (# 7, filed May 12, 2000). Defendants' Opposition (# 13) was filed May 30, 2000. Plaintiffs' Reply (# 15) was filed June 8, 2000.

Plaintiffs' motion is based on the contention that none of the Defendants timely moved for removal and that all of the Defendants did not join in the removal. Defendants challenge the motion with the counter-arguments that the history of this dispute show the intention and wishes of all Defendants to have the matter removed to federal court and that Plaintiffs have, in the past, acquiesced to the matter being considered in the federal court. They further argue that the notice of removal (albeit not filed by all Defendant) was filed timely, but that Plaintiffs, themselves, were a day late in moving to remand.

This matter was filed in the Eighth Judicial District court on January 28, 2000. Defendants Pepley, Adamson, Smith, Brannum, Wyngard and the Nevada Highway Patrol were served on or before April 4, 2000. On April 11, 2000, the Las Vegas Metropolitan Police Department (LVMPD) filed its Notice of Removal. The Nevada Highway Patrol filed its answer on April 17, 2000, the Nevada Highway Patrol and the other Defendants named above, filed their answer in the United States District Court, but did not join in the notice of or petition to remove until May 30, the date Defendants filed their Opposition to the present motion to remand. Plaintiffs filed this motion to remand on May 12, 2000.

*DISCUSSION*

Title 28 U.S.C. § 1446(b) requires that "notice of removal of a civil action ... **shall** be filed within thirty days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief...." (Emphasis added.). *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999).

Furthermore, the law is clear that **all** defendants must join in the notice for removal within thirty days of service. *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (19th Cir.1998); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 fn. 1 (9th Cir. 1988). The mandated procedural requirements must be strictly followed as "the removal statute must be strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999).

There is no authority provided for the argument that filing an answer in federal court after removal, and then subsequently, eight weeks after service, joining in the removal request, satisfies the requirements of § 1446(b).

Clearly, there were defendants here who violated the procedural requirements of § 1446(b). However, regardless of the strict construction of the statute against removal, the matter does not end there.

Plaintiffs, too, violated the statutorily prescribed procedures by untimely moving to remand. Title 28 U.S.C. § 1447 requires that a motion to remand be made

within thirty days after the "filing" of the notice of removal. Plaintiffs do not contest that they filed the motion thirty-one days after the "filing" of the notice of removal, but argue that Rule 6(e), Fed. R.Civ.P., entitles them to an additional three days following service by mail of the notice of removal. Unfortunately, that is not the law.

The three-day extension provided by Rule 6(e) does not apply because the time limit is measured from "filing," not from service of the notice. Rule 6(e) is limited to those periods of time which are initiated by "service of notice." It is not extended to periods of time which are initiated by "filing." WILLIAM W SCHWARZER, A. WALLACE TASHIMA & JAMES M. WAGSTAFFE, FEDERAL CIVIL PROCEDURE BEFORE TRIAL, § 2:1089.7a; citing *Pavone v. Mississippi Riverboat Amusement Corp.*, 52 F.3d 560, 566 (5th Cir.1995) (Motion to remand filed 33 days after notice of removal untimely where only grounds were removal procedural defects.)

"[A] district court has no discretion to remand to state court when a motion to do so is grounded on improper removal procedures and that motion is not made within thirty days following *filing*: Under such circumstances, the objection to remove jurisdiction resulting from a defect in the removal procedure is waived." *Id.*

Plaintiffs are correct that some of the Defendants did not timely file or join with the notice of removal. However, that failure is a procedural one. Furthermore, the procedural defect is the only one raised by Plaintiffs.

Because untimely removal is a "procedural" rather than a "jurisdictional" defect, the defect can be, and is, waived by filing a motion to remand more than thirty days from the *filing* of the notice to remand. *Maniar v. FDIC*, 979 F.2d 782, 784 (9th Cir.1992).

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand (# 7) is DENIED.