Wanda FISHER; et al., Plaintiffs–
Appellants,

v.

ALFA CHEMICALS ITALIANA; et
al., Defendants–Appellees.

No. 05–17402.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2007.

Filed Dec. 7, 2007.

Will Kemp, Esq., Harrison Kemp &
Jones, Chtd., Las Vegas, NV, for Plain-
tiffs–Appellants.

Stephen L. Morris, Esq., Jennifer S.
Parker, Morris Pickering & Sanner Bank
of America Plaza, Kevin E. Helm, Esq.,
Helm & Associates, Carrie J. McCrea-
Hanlon, Esq., Pyatt Silvestri & Hanlon,
Chtd., Las Vegas, NV, Charles E. Wheel-
er, Esq., Cozen & O'Connor, San Diego,
CA, for Defendants–Appellees.

Before: SCHROEDER, Chief Judge,
HALL and BYBEE, Circuit Judges.

MEMORANDUM *

Wanda Fisher developed heart problems
after taking fen-phen. She took fen-phen
while she was living in Utah, and devel-
oped the problems in Nevada. Fisher
filed this action in Nevada state court,
naming as defendants several firms in the

---

* This disposition is not appropriate for publica-
tion and is not precedent except as provided    by 9th Cir. R. 36–3.

drug's chain of distribution, including the Italian manufacturer of the fenfluramine component, Alfa Chemicals Italiana ("Alfa"). After removal by defendant Professional Compounding Centers of America ("PCCA"), the district court denied Fisher's motion to remand and concluded it lacked personal jurisdiction over Alfa. Only the issues of removal and specific jurisdiction are raised on appeal.

■ Fisher argues that removal was improper because PCCA's Notice of Removal did not explain why the other named defendants had not joined it. But it was clear to Fisher and to the district court that none of the other defendants had been served, so there was no reason for PCCA to have provided such an explanation in this case. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir.1988) (the general rule that all defendants must join a removal petition "applies, however, only to defendants properly joined and served in the action"). Therefore, failure to explain the absence of other defendants does not constitute a ground on which Fisher may now challenge the removal. *Cf. Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265-66 (9th Cir.1999) (where service on non-joining defendants was attempted but potentially defective, removal petition's failure to "affirmatively explain" lack of unanimous joinder constituted a procedural defect compelling remand).

■ Further, specific personal jurisdiction fails because Alpha had no reason to know that its product was being sold for human consumption in the United States, much less specifically in Nevada. That the fenfluramine was unilaterally being transported to the United States and com-

pounded with phentermine in various individual pharmacies in different states is insufficient to support a finding that Alpha purposefully availed itself of the privilege of conducting activities in Nevada and "should reasonably [have anticipated] being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).[1]

**AFFIRMED.**

---

1. Even though we affirm a grant of "summary judgment," the district court's decision was not on the merits; therefore, neither it nor our disposition here precludes refiling in a forum in which Alfa is subject to jurisdiction. *See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2713 (3d ed.1998).