**Ben L. MITCHELL, Plaintiff,**

v.

**PAWS UP RANCH, LLC, Paws Up Outfitters, LLC, Jeremy Kehrein, John Doe Nos. 1–3, ABC. Corp. and Def. Corp., Defendants.**

**No. CV 08–111–M–DWM–JCL.**

United States District Court,
D. Montana,
Missoula Division.

Jan. 28, 2009.

Mark S. Connell, Debra T. Gilcrest, Connell Law Firm, Missoula, MT, for Plaintiff.

John R. Gordon, Spoon Gordon, Missoula, MT, for Defendants.

## OPINION AND ORDER

DONALD W. MOLLOY, District Judge.

Plaintiff Ben L. Mitchell brought this negligence action against Defendants in the Fourth Judicial District Court of Missoula County, Montana. His complaint alleges that Defendant Kehrein, a river rafting guide the LLC Defendants employed, was negligent in operating a raft which capsized, causing injuries to Mitchell. Mitchell alleges the LLC Defendants are vicariously liable for Kehrein's negligence.

Twenty-nine days after Mitchell filed his complaint in state court, the LLC Defendants filed a notice of removal in this Court pursuant to 28 U.S.C. § 1441, asserting diversity of citizenship and the amount-in-controversy threshold required by 28 U.S.C. § 1332. Mitchell filed a motion to remand the matter back to state court. The motion was referred to Magistrate Judge Jeremiah C. Lynch, who issued Findings and Recommendation on October 10, 2008. Mitchell timely filed objections to the Findings and Recommendation and is therefore entitled to *de novo* review of the record on the portions of the Findings and Recommendation to which Mitchell objects. 28 U.S.C. § 636(b)(1). For the reasons stated below, the Findings and Recommendations consistent with this Order are adopted and the Motion to Remand is DENIED.

## I

The record shows the following transactions on the corresponding dates: 1) Mitchell filed his complaint in state court on June 28, 2008; 2) the LLC Defendants were served one day later on June 29, 2008; 3) the LLC Defendants filed a joint Notice of Removal on July 28, 2008; 4) Kehrein was served with a state court summons on August 7, 2008; 5) Kehrein filed an answer in federal court on August 26, 2008; and 6) Mitchell filed his Motion to Remand on August 27, 2008. Mitchell served the LLC Defendants the day after the complaint was filed, and the LLC Defendants filed a notice of removal twenty-nine days later. Kehrein was served with a state court summons ten days after the LLC Defendants filed the Notice of Removal, and then timely filed an answer in this Court. A day later Mitchell filed his Motion to Remand.

## II

Judge Lynch determined that Mitchell's arguments for remand are without merit. First, Judge Lynch concluded that the Notice of Removal was not defective for failure to state the citizenship of the LLC Defendants. He reasoned that so long as diversity of citizenship and the amount-in-controversy requirements are met at the time of removal (i.e., so long as federal jurisdiction exists) failure to state citizenship can be cured through amendment. While the LLC Defendants did not file a motion for leave to amend, Judge Lynch noted that their response brief operated as such a motion and was filed along with an affidavit curing the earlier failure to state citizenship. *See Barrow Development Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir.1969).

Second, Judge Lynch concluded that the Notice of Removal was not defective for failure to comply with the rule of unanimity. He noted that while Kehrein did not join in the Notice of Removal, at the time the notice was filed Kehrein had not been served and was therefore not a party to the action and not required to join. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing Inc.*, 526 U.S. 344, 347–48, 119

S.Ct. 1322, 143 L.Ed.2d 448 (1999). Third and relatedly, Judge Lynch determined that contrary to Mitchell's assertion, the LLC Defendants were not required to explain why Kehrein did not join in the notice, because Mitchell knew Kehrein had not been served at the time the notice was filed. *See Fisher v. Alfa Chemicals Italiana*, 258 Fed.Appx. 150 (9th Cir.2007).

Finally, Judge Lynch rejected Mitchell's argument that Kehrein failed to exercise his right to removal. He reached the somewhat counter-intuitive conclusion that the thirty-day time limit for Kehrein to file a notice of removal began running on the day the LLC Defendants filed the Notice of Removal. He noted that the time to file a notice of removal begins running when the facts supporting removal are clearly apparent from the four corners of the complaint, and not through subjective knowledge, and that defendants have no duty to inquire into the facts supporting removal when they are not apparent on the face of the complaint. *See Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 694 (9th Cir.2005). Because Kehrein filed his answer in federal court within thirty days of the filing of the LLC Defendants' Notice of Removal, and did so through the same counsel representing the LLC Defendants, Judge Lynch concluded that his filing of the answer under these circumstances manifested his unambiguous and timely consent to removal.

### III

Mitchell objects first that Judge Lynch should have relied on *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261 (9th Cir.1999), and concluded that a removing party must explain the absence of any co-defendants from a notice of removal, regardless of the circumstances. Mitchell next objects—an objection also grounded in *Prize Frize*— that Judge Lynch erred in concluding that Kehrein gave his unambiguous consent to the removal when he filed his answer in this Court. Third, Mitchell objects that Judge Lynch failed to follow the command of *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992), which requires the party seeking removal to meet the burden of showing the requirements for removal, strictly construed, are met.

### A.

■ Section 1446 of title 28 of the United States Code describes the process for removing a case from state to federal court: "A defendant ... desiring to remove a case from state to federal court shall file ... a notice of removal ... containing a short and plain statement of the grounds for removal." What precisely this provision requires has been established through decisional law. For example, courts have recognized the "rule of unanimity," which requires that in an action with multiple named defendants, one defendant can remove the case to federal court so long as all other named defendants join in the notice of removal. *See Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir.1986).

■ There are exceptions to the unanimity rule, such as when a named defendant is nominal, unknown or fraudulently joined. *Id.*; *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir.1988). It is also settled that a named defendant a plaintiff has not served need not join in a notice of removal. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir.1984). A correlate rule to the unanimity requirement and its exceptions logically follows: a defendant may file a notice of removal in which all named defendants have not joined, but must explain affirmatively the absence of non-joining defendants. *Prize Frize*, 167 F.3d at 1266. If, for example, named co-defendants believe an exception to the unanimity rule applies to them and therefore they

are not required to join in the notice of removal, the removing defendants should explain this in their notice.

■ Mitchell argues Judge Lynch erred in concluding that where a named defendant does not join in a notice of removal because the plaintiff has not accomplished service (and knows the defendant has not been served), there is no need for the removing defendants to explain the absence of the non-served defendant. Mitchell's first objection rests on his argument that the Ninth Circuit's decision in *Prize Frize* established that the requirement to explain the absence of non-joining defendants is a formal one, and the failure to comply with it under any circumstances renders a notice of removal defective and requires a remand to state court. *See* Pl. Obj. at 3 (arguing that Judge Lynch's interpretation of the rule "directly conflicts with the Ninth Circuit's interpretation ... requiring the removing party to explain affirmatively the absence of *any* co-defendants."). In other words, Mitchell challenges as contrary to settled law the conclusion that where the "non-served defendant exception" to the rule of unanimity is met, the requirement that removing defendants explain the absence of the named codefendant from the notice of removal does not apply.

### 1.

In *Prize Frize*, the Ninth Circuit reversed the district court's denial of the plaintiff's motion to remand. *Prize Frize*, 167 F.3d at 1267. *Prize Frize* involved thirty-three named defendants. *Id.* at 1264. When five defendants filed a notice of removal, only ten additional defendants joined in the notice. *Id.* Attempting to satisfy the rule that a removing party must explain affirmatively the absence of named co-defendants in a notice of removal, the removing defendants explained they had "been informed and believe[d] that *many* of the other defendants ... ha[d]

not been properly served in this matter." *Id.* at 1266. The court held the district court erred in accepting this explanation because 28 U.S.C. § 1446(a) requires a removing party to "explain why *all* non-joining defendants had not consented." *Id.*

Judge Lynch distinguished the case at bar from *Prize Frize*, noting that unlike the plaintiffs in *Prize Frize*, "Mitchell was fully aware that he had not accomplished service on Kehrein at the time of removal[.]" Findings and Recommendation at 7. Judge Lynch noted this Court previously ruled, in a case similar to the case at bar, that where the parties know service has not been accomplished with respect to a defendant, the non-served defendant is not required to join in a notice of removal nor is it necessary for the removing defendants to explain the absence of the non-joining defendant. *See St. Vincent v. Werner Ent., Inc.*, No. CV 08–73–M–DWM, 2008 WL 5395754 (D. Mont. filed August 1, 2008).

To support this conclusion in *St. Vincent*, this Court looked to the unpublished Ninth Circuit decision in *Fisher v. Alfa Chemicals Italiana*, 258 Fed.Appx. 150 (9th Cir.2007), as did Judge Lynch in this matter. There, the Ninth Circuit ruled that because "it was clear to [the plaintiff] and to the district court that none of the other defendants had been served, ... there was no reason for [the removing defendant] to have provided such an explanation in this case." *Id.* at 151. Mitchell objects to Judge Lynch's reliance on an unpublished decision, and thus implicitly challenges this Court's decision in *St. Vincent*, and points to *Prize Frize* and a published opinion out of the District of Oregon concluding that the requirement to explain the non-joinder of a named defendant "applies to *all* co-defendants, even those who are exempted from joinder because they

were not served." *Riggs v. Plaid Pantries, Inc.*, 233 F.Supp.2d 1260, 1264 (D.Or. 2001). *See* Pl. Obj. at 3 ("[T]he exception carved out by the Magistrate Judge in the case at bar [i.e., where the plaintiff knows a defendant has not been served, the removing defendants' notice of removal is not defective for failing to explain the non-served defendant's absence] has no basis in *Prize Frize*.").

The upshot of Mitchell's argument is: the rule that a removing defendant must explain affirmatively the absence of any co-defendant must be applied as a formal requirement without regard to the circumstances under which a removal occurs. Only if the Court accepts this proposition, ignores the facts in *Prize Frize*, and follows Mitchell's interpretation of *Riggs*, does Mitchell's argument have merit. The issue, then, is whether Ninth Circuit law, as exemplified in *Prize Frize*, mandates that a removing party must explain affirmatively the absence of any co-defendant without regard to the particular context in which a removal occurs.

### 2.

Rules develop as responses to circumstances in which the absence of the rule has led to consequences at odds with the efficient and fair administration of justice. The justification for an interpretation of a rule, then, should appeal to the reasons the rule exists in the first instance. *See, e.g.,* Fed.R.Civ.P. 1 ("Scope and Purpose. These rules ... should be construed and administered to secure the just, speedy, and inexpensive administration of every action and proceeding."). Nowhere does Mitchell address this aspect of determining the best interpretation of a rule from amongst competing choices.

To illustrate in the context of the case at bar, where a non-joining defendant refuses to join in a notice of removal because she plans to challenge service of process as

ineffective, the removing defendants' explanation of the non-joining defendant's absence puts the plaintiff on notice that a named defendant may not have been properly served and the plaintiff ought to cure any defect. The requirement that a removing defendant explain affirmatively the absence of non-joining defendants serves the purpose of giving the plaintiff notice regarding his obligations pertaining to service of process. *Prize Frize* illustrates this example—the appellate court reversed the district court's denial of the plaintiff's motion to remand because the removing defendants' explanation for the absence of named defendants merely indicated that *some* of the absent defendants *might* challenge service of process. *Prize Frize,* 167 F.3d at 1266. This explanation was insufficient to put the plaintiff on notice of who was challenging what in terms of service of process.

As a counter example, suppose a plaintiff names multiple defendants, some corporate and some individual, and serves first the corporate defendants, expecting they will file a notice of removal. Suppose as well that the corporate defendants have a tenuous, limited, or periodic affiliation with the individual defendants and cannot discover within the thirty-day time period for removal where, or in some instances even who, the named individual defendants are. The plaintiff, who is responsible for promptly and properly serving the defendants he or she has named, could thwart the defendants' right of removal by waiting to serve the individual defendants until after the corporate defendants had filed their notice of removal, and then challenging the notice as defective for failing to explain affirmatively the absence of the named-but-not-yet-served individual defendants.

Assuming this scenario, even if the corporate defendants were able to discover

that the individual defendants had not been served, explaining this in their notice of removal would serve no purpose in terms of providing the plaintiff with notice of the need to perfect service. Requiring them to do so would transform the rule into a code pleading requirement a plaintiff could exploit to nullify 28 U.S.C. § 1441. It appears this was the reason Judge Lynch cited *Fisher*. The court said that because "it was clear to Fisher and the district court that none of the other defendants has been served, ... there was no reason for [the removing defendant] to have provided such an explanation in this case." *Fisher*, 258 Fed.Appx. at 151.

Further illustration stems from a supposition based on the same facts as in the last example, save one. Assume the plaintiff *had* served the individual defendants. Now, when the plaintiff challenges the notice of removal for failure to explain affirmatively the absence of all named defendants, the removing defendants cannot claim the plaintiff knew the individual defendant had not been served. The notice is, under this scenario, defective. Even assuming the removing defendants could not have discovered within thirty days the identity or whereabouts of the individual defendant, this conclusion is consistent with the plaintiff's obligation to accomplish prompt and effective service of process, and with the rules governing removal.[1] While it might appear at first that in this

scenario the removing defendants whose notice turns out to be defective have been "deprived" of their right to removal, there is still another defendant who has the right to file a notice of removal in which the other defendants can join.[2]

### 3.

In light of the foregoing examples and *Fisher*'s recognition of the reason for the rule, Mitchell's readings of *Prize Frize* and *Riggs* deserve more exacting scrutiny.

### a.

In *Prize Frize*, the removing defendants and those joining in the notice of removal constituted fifteen of thirty-three named defendants. *See Prize Frize*, 167 F.3d at 1264. With respect to the non-joinder of eighteen named defendants, the removing defendants explained "they had been informed and believe that many of the other defendants named in the complaint's caption have not been properly served in this matter." *Id.* (internal quotations omitted). Reversing the district court's denial of the plaintiff's motion to remand, the Ninth Circuit held that the removing parties had the burden "to explain affirmatively why *all* non-joining defendants had not consented." *Id.* at 1266.

Mitchell relies exclusively on this statement of the holding in *Prize Frize*, suggesting that the Ninth Circuit's use of the word "all" ends the inquiry. He argues

---

1. One might expect counsel for the corporate defendants in this scenario to contact counsel for plaintiff to inquire as to whether the individual defendants have been served. Relatedly, Mitchell filed the Affidavit of Mark S. Connell (dkt. # 20) in support of the Motion to Remand. The affidavit states that Mitchell's counsel telephoned Kehrein in February of 2008 and informed him of the nature of the suit and that he wanted to serve Mitchell. The Affidavit states that "Kehrein refused to cooperate." Considering that the obligation to accomplish effective service on named defendants in a civil suit rests solely with the

plaintiff, Kehrein's attitude upon finding out he was being sued has no bearing on the outcome of the issues here. The telephone call counsel Connell states he received from defense counsel on July 24, 2008, requesting an acknowledgment of service form, is not helpful either because it is not relevant.

2. This argues for the "last-served defendant rule," which this Court uses, in calculating when the time to file a notice of removal begins running. *See Brown v. Ferriter*, No. CV 08–61–H–DWM–RKS (D. Mont. filed January 16, 2009).

that *Prize Frize* clarifies the rule to mean that removing defendants must explain affirmatively the absence of *any* named defendants regardless of who they are, where they are, of whether or not they have been served, and of who knows whether or not they have been served. But he overlooks reasoning in *Prize Frize* that supports the interpretation of the rule Judge Lynch applied in the Findings and Recommendation, and the basis on which he distinguished *Prize Frize* from the case at bar.

The removing defendants in *Prize Frize* argued they had satisfied the unanimity requirement because some "non-joining defendants challenged the sufficiency of service of process." *Id.* At the same time, they did not explain which absent defendants had been served but were challenging service of process. The court observed that their argument assumed that failure to serve and defective service were one and the same, but, even making this assumption, their argument failed because at least one co-defendant had made an appearance in state court but never joined in the notice of removal. *Id.* at 1266. In other words, not only was the removing defendants' explanation for the absence of non-joining defendants incomplete and therefore insufficient, but also it was implausible.

The basis on which Judge Lynch distinguished *Prize Frize* from this case follows from the foregoing analysis. Unlike in *Prize Frize,* where the removing defendants' explanation of the absence of named co-defendants was insufficient to give the plaintiff notice of who was challenging what in terms of service of process, Mitchell knew Kehrein had not been served. If the "failure to serve" exception to the rule of unanimity is met, there is no obligation on the non-removing and non-served defendant to join in the removal. *See Em-*

*rich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n. 1 (9th Cir.1988).

Mitchell insists the removing defendants must nevertheless explain affirmatively what the plaintiff already knows. In other words, even though the plaintiff is obligated to promptly and effectively serve the named defendants, Mitchell argues the removing defendants are obligated to provide an explanation for the absence of other named defendants who have no obligation to even make an appearance because they are not yet parties to the action. He insists the removing defendants' right of removal is forfeited if they fail to do so.

In light of the reason for the rule that removing defendants must explain affirmatively the absence of non-joining defendants—e.g., to provide the plaintiff notice of issues regarding effectiveness of service of process—this would impose on the removing defendants a merely perfunctory obligation where the plaintiff has not yet met its obligation to bring the named defendants into the action. And, as already noted, it would allow a plaintiff to deliberately time service to nullify 28 U.S.C. 1441. It is an untenable proposition that the rules attendant to the right of removal have developed to provide a civil plaintiff the means to game the system in this manner.

**b.**

In *Riggs v. Plaid Pantries, Inc.,* 233 F.Supp.2d 1260 (D.Or.2001), the district court concluded the removing defendant's notice of removal was defective for failure to explain the absence of named co-defendants. Mitchell points to the court's statements that "[w]hile [named co-defendants] were [not] required to join because they had not been served, Plaid Pantries was required to state the reasons for their absence in its notice," and, "The requirement applies to all co-defendants, even

those who are exempted from joinder because they were not served or were fraudulently joined." *Id.* at 1267, 1268. To the extent the district court interpreted the rule requiring removing defendants to explain affirmatively the absence of named co-defendants as a formal requirement, I disagree. The circumstances in *Plaid Pantries* indicate a principled basis for disagreeing with the interpretation of the rule for which Mitchell argues.

The plaintiff in *Plaid Pantries* brought fourteen claims against four defendants—her employer, an employee, and two of the employee's friends. The fourteen claims included two claims of violations of federal law (claims of Title VII violations). *Id.* at 1263. The remaining twelve claims alleged violations of state laws. *Id.* After removing the action to federal court and faced with the plaintiff's motion to remand, Plaid Pantries argued the other defendants were not required to join because the Title VII claims were independent federal claims applicable only to Plaid Pantries as the plaintiff's employer, and the remaining claims were non-removable claims against the other defendants. *Id.* at 1264. The district court agreed with Plaid Pantries with respect to one of the Title VII claims. It concluded, "The retaliation claim stands apart and does not require plaintiff to establish [the co-defendant employee's] actions as alleged.... As such, Plaid Pantries was not required to join [the employee] in its removal of the case from state to federal court." *Id.* at 1266–67.

The court concluded that, nevertheless, Plaid Pantries was required to explain the absence of the named co-defendants from the notice of removal. In light of the issue Plaid Pantries raised regarding separate and independent claims, the court's conclusion makes sense. *See id.* at 1267 ("Plaid Pantries argues that here, where it has a separate and independent federal claim asserted against it, it does not need consent of those defendants who do not have federal claims to remove, and thus, it does not need to explain the absence of non-joining defendants. I reject Plaid Pantries's argument."). In other words, the court recognized the requirement that Plaid Pantries explain—in the notice of removal rather than in their response to the motion to remand—the absence of named codefendants in terms of Plaid Pantries' argument regarding separate and independent claims.

Admittedly, the foregoing interpretation of the reasoning in *Plaid Pantries* is a bit difficult to square with the district court's sweeping statement, considered in isolation, that the requirement to explain the absence of named co-defendants "applies to *all* co-defendants, even those who are exempted from joinder because they were not served or were fraudulently joined." *Id.* at 1268. Reading the entire passage in which the statement appears, however, sheds a different light:

> The requirement applies to *all* co-defendants, even those who are exempted from joinder because they were not served or were fraudulently joined. The fact that Plaid Pantries has a separate and independent claim asserted against is clearly relevant to whether it needs to join other co-defendants in the removal, but it is not relevant to its obligation to explain the co-defendants' absence. Therefore, although the Title VII retaliation claim is a separate and independent claim allowing Plaid Pantries to remove without joining [the defendant employee], Plaid Pantries's removal is defective for failing to affirmatively explain the absence of all co-defendants.

*Id.* Mitchell agues that the first sentence of this passage operates as a bright line rule in all circumstances, and the failure to comply with it mandates a remand. But,

for the reasons already discussed at length in **III 3.a.**, I disagree with this interpretation of the rule. Plaid Pantries was required to explain the absence of named co-defendants because the purported reason for their absence was *not* merely that they had not been served. Rather, Plaid Pantries believed their theory of independent and separate claims justified the co-defendants' absence, and this they were required to explain.

## B.

Mitchell objects to Judge Lynch's conclusion that Kehrein's answer constituted his unambiguous consent to removal. He argues that Kehrein's answer contained no reference to removal, and that Kehrein did nothing to affirmatively indicate his consent to removal until he joined in opposing the motion to remand, at which time the thirty day time limit had run.

Mitchell cites *Prize Frize,* 167 F.3d at 1266, to support his argument that Kehrein was required to unambiguously manifest to the Court his consent to removal within the thirty days allowed by the removal statute. It is not clear from Mitchell's objection how *Prize Frize* supports his position. The portion of *Prize Frize* he cites addressed the failure of the removing defendants to cure within thirty days defects in the notice of removal. Mitchell does not explain how this relates to his assertion that Judge Lynch erred in concluding that Kehrein's answer operated in this case as his consent to removal.

■ Judge Lynch cited to *Peace v. Estate of Sorensen,* 2008 WL 2676367 (C.D.Cal.), in which the court recognized that "[s]ome courts have held that a court may, in its discretion, treat an *answer* as consent to removal." *Id.* at *3. Mitchell suggests that Judge Lynch's reliance on

*Peace* was in error because the court in that case recognized as well that "[o]ther courts have rejected this view." *Id.* This is, of course, beside the point. Kehrein was not required to join in the LLC Defendants' Notice of Removal because Mitchell had not served him. He was not a party to the suit at that point. The "four corners of the complaint" did not clearly make apparent facts supporting removal. The state court summons served on Kehrein was insufficient to trigger the thirty-day time period in which Kehrein was required to consent to the LLC Defendants' removal of the case to federal court.

■ The question, which Mitchell fails to address, is *when and how* was Kehrein required to manifest his consent to the removal? Judge Lynch reasoned that the earliest point at which Kehrein's thirty days could begin running was July 28, 2008, when the LLC Defendants' filed their Notice of Removal, indicating their belief that Mitchell's case met the requirements of federal jurisdiction.[3] And he concluded that when Kehrein made his first appearance in this action by filing an answer in this Court, he manifested his unambiguous consent to removal.

Kehrein made his first appearance in this matter through the same counsel representing the LLC Defendants, twenty-eight days after the LLC Defendants filed their Notice of Removal and nineteen days after he was served with a state-court summons. In light of the facts that 1) the complaint with which Kehrein was served did not clearly make apparent facts supporting removal, 2) the LLC Defendants filed a Notice of Removal through counsel, and 3) Kehrein made his first appearance in federal court through the same counsel, Kehrein's answer filed in this Court must

**3.** This scenario assumes the "first-served defendant rule" and therefore serves only as a hypothetical. *See* n. 2, *supra.*

have indicated his consent to the removal. In other words, after receiving a state-court summons insufficient to indicate removal, Kehrein filed an answer in federal court through the same counsel who, on behalf of Kehrein's co-defendants, removed the case in the first instance. Mitchell's assertion that this could indicate anything other than Kehrein's unambiguous consent to removal is not well taken.

Moreover, as Mitchell admits, the distinction between co-defendants with the same counsel and co-defendants with different counsel matters in this context, and its importance has been recognized. *See Esposito v. Home Depot, U.S.A., Inc.,* 436 F.Supp.2d 343, 346 (D.R.I.2006). In *Esposito,* the court said,

> The authorities that hold an answer silent on removal cannot fulfill the rule of unanimity are, for the most part, well reasoned and sensible. But in each of those cases, the non-assenting defendant was represented by separate counsel and may not have shared the desire to remove with the removing defendants. In such circumstances, for example, it is possible that counsel might file an answer yet still object to removal. Here, however, that possibility is virtually eliminated by the joint representation of the Defendants.

*Id.* Mitchell criticizes *Esposito* and Judge Lynch's citation to it because in *Esposito* "not a single case was cited as authority for the significance of such a distinction." Pl. Obj. at 5. Not so. In the passage immediately following the paragraph partially recapitulated above the court said,

> The rule of unanimity exists "to prevent the defendants from gaining an unfair tactical advantage by splitting the litigation and requiring the plaintiff to pursue the case in two fora simultaneously, thereby creating needless duplication of effort and additional expense." *Sansone [v. Morton Mach. Works, Inc.],* 188

F.Supp.2d [182,] 184 [ (D.R.I.2002) ]. In addition, the unanimity requirement works to "eliminate the risk of inconsistent state and federal adjudications and to prevent one defendant from imposing his choice of forum upon other unwilling defendants and an unwilling plaintiff." *Id.* Furthermore, maintaining a bright line rule regarding removal procedures minimizes the expenditure of precious judicial resources to determine whether all of the defendants did in fact consent to removal within the 30–day period, and whether the plaintiff was prejudiced by the delay of communication of consent. *Id.* at 185–186.

> Here, the fact that all of the Defendants are represented by the same counsel eliminates many of the concerns that drive the unanimity requirement.

*Esposito,* 436 F.Supp.2d at 347.

Mitchell presents no compelling reason why this Court should construe Kehrein's filing his answer in this Court through the removing defendants' counsel as anything other than the manifestation of his unambiguous consent to removal.

### C.

Mitchell objects that Judge Lynch did not follow the mandate of *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992), which places on the party seeking removal the burden of establishing that the requirements of removal, strictly construed, are met. In my view, Mitchell's interpretation of what constitutes the requirements of removal is wrong. The foregoing analysis and conclusions look to the principles behind the rules governing the right of removal Congress has conferred upon civil defendants through the enactment of 28 U.S.C. § 1441. Mitchell argues for an interpretation of the rules governing removal divorced from their purposes—an interpretation that is unacceptable.

## IV

For the reasons set forth above,

IT IS HEREBY ORDERED that the Findings and Recommendation (dkt. # 24) is adopted to the extent it is consistent with this opinion.

IT IS FURTHER ORDERED that the Motion to Remand (dkt. # 11) is DE-NIED.