**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACK R. FINNEGAN, | No. 17-56404 |
| Plaintiff-Appellant, | D.C. No. 8:17-cv-01129-AG-JDE |
| v. | |
| JPMORGAN CHASE BANK, N.A.; JAYME L. BOWMAN, FKA Jayme Heller, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted August 15, 2018[**]

Before:   FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Jack R. Finnegan appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a denial of a motion to remand. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly denied Finnegan's motion to remand his action to state court because the district court had subject matter jurisdiction under 28 U.S.C. § 1331 and the action was properly removed under 28 U.S.C. § 1441. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1196 (9th Cir. 1988) (a federal Racketeer Influenced and Corrupt Organizations Act claim falls within the district court's original jurisdiction and is removable under § 1441(a), notwithstanding concurrent state court jurisdiction).

We reject as unsupported by the record Finnegan's contentions regarding defendants' violation of local rules with regard to service and the meet and confer requirements.

We reject as without merit Finnegan's contention that the district court lacked personal jurisdiction over him.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Finnegan's requests for costs and sanctions, set forth in the opening and reply briefs, are denied.

**AFFIRMED.**