**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OLEG ANATOLYEVICH BORISOV, | No. 19-35372 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-05847-BHS |
| v. | |
| ALAMO RENT A CAR; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted March 3, 2020[**]

Before:     MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Oleg Anatolyevich Borisov appeals pro se from the district court's judgment dismissing his action alleging claims under the Fair Credit Billing Act ("FCBA"), 15 U.S.C. §§ 1666-1666j, and state law arising out of a dispute over rental car fee charges to his credit card. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed Borisov's FCBA claim against the Chase defendants because Borisov failed to allege facts sufficient to demonstrate that the Chase defendants did not comply with the FCBA's procedural requirements. *See Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 880 (9th Cir. 2011) (explaining that if a credit card holder timely disputes a charge in writing, the FCBA "requires a credit-card issuer to acknowledge the dispute within thirty days, investigate the matter, and provide a written explanation of its decision within ninety days." (citing 15 U.S.C. § 1666(a))); *see also* 15 U.S.C. § 1666(a)(3)(B)(ii) (under the FCBA, a credit-card issuer must send "a written explanation or clarification" to the credit card holder "setting forth to the extent applicable the reasons why [it] believes the account of the [holder] was correctly shown in the statement").

The district court properly dismissed Borisov's claim against the Chase defendants under Washington's Consumer Protection Act ("CPA") because Borisov failed to allege facts sufficient to demonstrate that the Chase defendants engaged in an "unfair or deceptive act." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 784 (1986) (en banc) (setting forth the

19-35372

elements of a CPA claim); *see also Panag v. Farmers Ins. Co. of Wash.*, 166 Wash. 2d 27, 47 (2009) (en banc) (explaining that an act is unfair or deceptive under the CPA if it "had the capacity to deceive a substantial portion of the public").

The district court properly concluded that it had removal jurisdiction over Borisov's action because the Chase defendants' "receipt" of the second amendment complaint was sufficient to trigger removal under 28 U.S.C. § 1446(b)(1). 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days <u>after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading</u> . . . ." (emphasis added)); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 (9th Cir. 1988) (standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Borisov's request for sanctions is denied.

**AFFIRMED.**